Terry Glen BROOKS, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–81–0019–CR.

Court of Appeals of Texas, Tyler.

July 22, 1982.

Rehearing Denied Sept. 9, 1982.

Discretionary Review Denied Dec. 15, 1982.

Otis W. Carroll, McFarland, Carroll, Kelley & Freeman, Tyler, for appellant.

Hunter Brush, Crim.Dist.Atty., Tyler, for appellee.

RAMEY, Justice.

This is an appeal from a conviction for the offense of murder. V.T.C.A. Penal Code sec. 19.02. A jury assessed punishment at thirty years imprisonment in the Texas Department of Corrections.

In his first ground of error appellant contends the trial court erred in admitting State's Exhibit No. 5 over appellant's request for a reservation of objection based on hearsay to any medical opinion contained therein as authorized by *Loper v. Andrews,* 404 S.W.2d 300 (Tex.Sup.1966). We do not agree. The medical records concerning the treatment of the deceased victim in this case were stipulated to by both the State and the appellant. Defense counsel requested a reservation to make a *Loper, supra,* objection at some later time. He did not object at the time the medical records were offered by way of stipulation, nor did he later object. Absent a proper objection, nothing is presented for review. *Ortega v. State,* 500 S.W.2d 816 (Tex.Crim.App.1973).

Appellant next contends the trial court erred in denying appellant's motion for a directed verdict of acquittal based on the failure of the State to prove the corpus delicti of the offense of murder.

There are two élements of corpus delicti in a murder case: (1) the body of the deceased must be found and identified; and (2) the death of the deceased must be shown to have been caused by the criminal act of another. *Nathan v. State,* 611 S.W.2d 69 (Tex.Crim.App.1981); *Self v. State,* 513 S.W.2d 832 (Tex.Crim.App.1974).

The State's evidence shows that: (1) on December 24, 1980, Johnny B. Harper was found lying on Tenneha Street in Tyler, Texas, severely injured from a head wound; (2) he was found and identified by his sister, who had been looking for him; (3) the deceased was also identified by Officer Penrod as the man he found lying in the

street; (4) two witnesses identified the appellant as the man they saw beating Johnny B. Harper with a stick; (5) one witness testified he saw blood coming from the deceased's head and mouth; (6) the deceased was found at the location where the witnesses pulled the appellant off the deceased; (7) two witnesses testified the deceased was unarmed and on his hands and knees during the beating; (8) one witness testified he heard appellant state during the time he was hitting the deceased that he was going to kill him; and (9) according to the medical records the deceased sustained massive craniocerebral trauma with severe contusions resulting in brain death.

We hold that the State established the corpus delicti of the offense of murder.

■ In appellant's third ground of error he contends the trial court committed error in overruling appellant's motion for new trial based on State's failure to disclose, pursuant to a previously granted order, certain exculpatory evidence which it possessed at the time of trial. The evidence complained of is a statement of one Jeffery Glenn Woolridge.

Jeffery Glenn Woolridge was a witness for the prosecution. Woolridge gave a statement to the Tyler police who were investigating the death of Johnny B. Harper. In the statement Woolridge said that he and three companions were stopped while driving on Harmony Street in Tyler by Ray Charles Carter and Antonio Washington. Carter and Washington told Woolridge that "they" had caught a man, had kicked "him" and hit "him" with a stick. Woolridge stated that Ray Charles Carter had a stick in his hand. Woolridge said he then turned around and observed his cousin, Terry Brooks, hitting a man in the head with a big stick or fence post. He stated that Brooks continued to hit the man, and that Brooks said he was going to kill the man. Woolridge further stated that after Brooks had stopped beating the man, the man was still breathing but that blood was coming from his mouth and there was a cut over his eye.

The circumstances to be considered in this ground of error are analogous to the "third situation" in which "the Brady Rule" may apply as described in *U.S. v. Agurs,* 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); the "third situation" is one in which only a nonspecific request for "Brady material" has been made. *Agurs, supra; Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215. It is the nature of the withheld evidence that triggers the "Brady Rule." *Brady, supra.* The proper standard of materiality to be applied to undisclosed evidence is that if the omitted evidence creates a reasonable doubt of guilt that did not otherwise exist, constitutional error has been committed. *See Agurs, supra* 96 S.Ct. at pp. 2401–2402. There is no constitutional requirement that the State make a complete and detailed accounting to the defense of all police investigatory work pertaining to a case. *Agurs, supra; Moore v. Illinois,* 408 U.S. 786, 795, 92 S.Ct. 2562, 2568, 33 L.Ed.2d 706. "The mere possibility that an item of undisclosed information might have helped the defense or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." *Agurs, supra.*

It is well-settled Texas law that a participant in a criminal transaction is fully responsible for his conduct. Texas Penal Code, § 7.01(a), (b). Texas Penal Code, § 7.01(b)(c) further provides that each party to an offense may be charged with commission of that offense and that all traditional distinctions between accomplices and principals are abolished. If the others named in the statement were involved in the offense, the guilt of the appellant was not thereby diminished. We find that the statement of Woolridge was not exculpatory material. Therefore, we find no error in the State's failure to tender the statement or in the trial court's overruling appellant's motion for new trial for reasons herein expressed.

Finding no reversible error, the judgment is affirmed.