Modesto **GONZALES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. B14–84–622–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 15, 1985.

36

Henry L. Burkholder, III, Houston, for appellant.

John B. Holmes, Dist. Atty., Don Clemmer, Asst. Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

## OPINION

MURPHY, Justice.

Appellant was found guilty in a jury trial of aggravated robbery. The jury assessed appellant's punishment at confinement in the Texas Department of Corrections for ten years. In five grounds of error, appellant complains of findings made by the trial court and entered on the judgment, failure of the court to apply the law of mistake of fact in the charging instrument and sufficiency of the evidence. We reform the judgment and affirm the conviction.

On January 20, 1984, in the early afternoon, the complainant, Mr. Martinez, was in a Houston area club on a business errand. The appellant, who was also in the club, recognized Mr. Martinez and engaged him in conversation. The two men had attended the same high school over ten years ago. Appellant was in the company of a second man, identified as Benny Vargas. Mr. Martinez mentioned during the conversation that he frequented a club called La Niche, after work hours. The men then parted, and Mr. Martinez proceeded to a bank where he withdrew approximately $1,883.00 in cash.

Later that same day, Mr. Martinez met his partner, Robert, at the La Niche club. Robert's wife was also present. Shortly after the complainant arrived, the appellant entered the club with Vargas and joined Martinez at his table after Robert and his wife left the club. Their conversation soon turned hostile when appellant requested Martinez extend him a loan. The complainant left the table and called Robert for a ride home.

Robert brought the complainant to Robert's own residence, where the group sat around and talked. A short while after their arrival, appellant and Vargas appeared at Robert's home and knocked on the door. When Robert's wife opened it, the two men forced their way inside. Vargas brandished a firearm in a threatening manner and announced that anyone who moved would be shot. The appellant grabbed Martinez and placed him in handcuffs. With a gun held to his head, Martinez was forced into the back of a car and driven to a deserted area. The appellant and Vargas appropriated from Martinez several items of valuable personal property as well as approximately $2,000.00 in cash. They then abandoned him. A passing motorist assisted Martinez in returning to Robert's home, where the police were summoned.

Appellant's first three grounds of error are directed toward the trial court's finding, appended to the judgment, stating, "And the Court further found that a deadly weapon, to-wit, a firearm was used during the commission of this offense." Appellant's concern in these grounds centers on the probationary code provisions of the Code of Criminal Procedure which provide probation is not available:

(2) to a defendant when it is shown that the defendant used or exhibited a deadly weapon as defined in Section 1.07(a)(11), Penal Code, during the commission of a felony offense or during immediate flight therefrom. Upon affirmative finding that the defendant used or exhibited a deadly weapon during the commission of an offense or during immediate flight therefrom, the trial court shall enter the finding in the judgment of the court. Upon an affirmative finding that the deadly weapon the defendant used or exhibited was a firearm, the court shall enter that finding in its judgment.

Tex.Code Crim.Proc.Ann. art. 42.12, § 3f (Vernon Supp.1985).

▇▇▇ In his second ground of error, appellant asserts that because the jury never made an affirmative finding of the use of a deadly weapon, the court committed error when it entered this finding in the judgment. Appellant was indicted as follows:

While in the course of committing theft of property owned by FERNANDO MARTINEZ, hereafter styled the Complainant, and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place the Complainant in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely, a firearm.

The court's charge authorized the jury to return a conviction:

Now, if you find and believe from the evidence beyond a reasonable doubt that on or about the 20th day of January, 1984, in Harris County, Texas, the defendant, Modesto Gonzales, either acting alone or with Benny Vargas as a party to the offense and with intent to promote or assist the commission of the offense by soliciting, encouraging, directing, aiding, or attempting to aid Benny Vargas to

commit the offense, if one was committed, did while in the course of committing theft of property owned by Fernando Martinez, and with intent to obtain or maintain control of the property, intentionally or knowingly threaten or place Fernando Martinez in fear of imminent bodily injury or death, by using or exhibiting a deadly weapon, namely, a firearm, you will find the defendant guilty of aggravated robbery.

No special issue was submitted requiring the jury to determine if appellant used a deadly weapon. However, the verdict returned by the jury stated appellant was guilty as charged in the indictment. A jury, in its role as fact finder, may make an affirmative finding as to the existence of a fact in one of three ways:

1) the deadly weapon or firearm has been *specifically* pled *as such* (using the nomenclature "deadly weapon") in the indictment (Applies where the verdict reads "guilty as charged in the indictment");

2) where not specifically pled in "1)" above as a deadly weapon or firearm, the weapon pled is per se a deadly weapon or a firearm; or,

3) a special issue is submitted and answered affirmatively.

*Polk v. State,* 693 S.W.2d 391 (Tex.Crim. App.1985). The jury in the present case made an affirmative finding of the use of a deadly weapon pursuant to category one, which the Court of Criminal Appeals has termed "de facto affirmative finding." *Polk v. State,* 693 S.W.2d 391 (Tex.Crim. App.1985). The trial court's notation on the judgment was properly based upon an affirmative finding made by the trier of fact (in this case, the jury) that a deadly weapon was exhibited. *See Polk v. State,* 693 S.W.2d 391 (Tex.Crim.App.1985); *Ex Parte Thomas,* 638 S.W.2d 905, 907 (Tex. Crim.App.1982). Appellant's second ground of error is overruled.

▆▆▆ In his first and third grounds of error, appellant contends the trial court's notation was incorrect because the statute authorizes such an entry only where the defendant actually used or exhibited a deadly weapon, and the evidence was insufficient to support such a finding. The trial court's finding was couched in general terms; it failed to indicate whether the appellant had actually used or exhibited a firearm himself. The de facto affirmative finding in the jury's general verdict which established the use of a firearm does not determine whether the appellant used or exhibited a firearm, because appellant's conviction involved the law of the parties. An affirmative finding entered pursuant to art. 42.12, § 3 of the Code of Criminal Procedure must show that the appellant actually used or exhibited a firearm. *Travelstead v. State,* 693 S.W.2d 400 (Tex.Crim. App.1985); Tex.Code Crim.Proc.Ann. art. 42.12, § 3 (Vernon Supp.1985). *See also Polk v. State,* 693 S.W.2d 391 (Tex.Crim. App.1985). We sustain appellant's first and third grounds of error. However, this court has the power to reform and correct the judgment as the law and nature of the case require when we possess the same corrective information that the trial court would have were the judgment reversed and remanded. *Barecky v. State,* 639 S.W.2d 943, 945 (Tex.Crim.App.1982); Tex. Crim.Proc.Ann. art. 44.24(b) (Vernon Supp. 1982–83). Accordingly, we reform and correct the judgment by deleting the following: "And the Court further found that a deadly weapon, to-wit, a firearm was used during the commission of this offense."

▆▆▆ In his fourth ground of error, appellant urges that the trial court failed to apply the law of mistake of fact in the application paragraph of the charge. Appellant failed to object to this omission in the charge and to request a charge on the defense of mistake of fact. An error in the jury charge which draws no objection or request to include or rephrase an issue will not serve as grounds for reversal absent fundamental error. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984). Mistake of fact is a defensive issue, and its omission from a charge will not warrant reversal of a conviction in the absence of an objection and exception from the defendant. *Montgomery v. State,* 588 S.W.2d 950, 953 (Tex.Crim.App.1979); *Biegajski v. State,* 653 S.W.2d 624, 629 (Tex.App.—San

Antonio 1983, pet. ref'd). We do not find that because of the omission the charge is so deficient that appellant was denied a fair and impartial trial. *See Williams v. State,* 477 S.W.2d 24, 25 (Tex.Crim.App.1972) *aff'd,* 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976); *Bueno v. State,* 630 S.W.2d 333, 335 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd). Appellant's fourth ground of error is overruled.

In his fifth and final ground of error, appellant complains of insufficient evidence to sustain his conviction for aggravated assault. Appellant was convicted of aggravated robbery, and we assume his reference to aggravated assault is a clerical error. The sufficiency of the evidence which supports a conviction is reviewed in a light most favorable to the verdict. *Houston v. State,* 663 S.W.2d 455 (Tex. Crim.App.1984). The testimony from several witnesses clearly established appellant's participation in the armed robbery. Pursuant to the law of parties, he is liable for all acts committed by his partner during the criminal transaction. Tex.Penal Code Ann. § 7.01 (Vernon 1974); *Brooks v. State,* 643 S.W.2d 440, 442 (Tex.App.—Tyler 1982, pet. ref'd). Appellant's fifth ground of error is overruled.

The judgment of the trial court as reformed is affirmed.