Christopher Jerome
STEVENSON, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–86–627–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 2, 1987.

Charles Hinton, Houston, for appellant.

J.B. Holmes, Jr., Eleanor M. McCarthy, Ira Lee Jones, II, Houston, for appellee.

Before JUNELL, SEARS and DRAUGHN, JJ.

OPINION

SEARS, Justice.

This is an appeal from a conviction for murder. Appellant pled not guilty to the offense, was tried by a jury and found guilty as charged. The jury assessed his punishment at twelve years confinement in the Texas Department of Corrections. We affirm the judgment of the trial court as modified.

Appellant asserts seven points of error. In points of error one and two, he maintains that the entry in the judgment of an affirmative finding that a deadly weapon was used during the commission of the offense was error and should be deleted.

Appellant was indicted as follows:

Christopher Jerome Stevenson … did then and there unlawfully, intentionally and knowingly cause the death of Esteban Perez, hereafter styled the Complainant, by shooting the Complainant with a deadly weapon, namely, a firearm.

It is further presented that [Appellant] … did then and there unlawfully intend to cause serious bodily injury to Esteban Perez, hereafter styled the Complainant, and did cause the death of the Complainant by intentionally and knowingly committing an act clearly dangerous to human life, namely, shooting the Complain-

ant with a deadly weapon, namely, a firearm.

The evidence at trial showed that, during the commission of a robbery, Appellant held the complainant's son while another person chased the complainant and ultimately shot and killed him. Appellant did not personally use or exhibit a deadly weapon during the commission of the offense. The trial court instructed the jury on the law of parties but submitted no special issue requiring the jury to determine whether Appellant actually used or exhibited a deadly weapon. However, the verdict returned by the jury found Appellant "guilty of murder with the use of a deadly weapon, namely, a firearm, as charged in the indictment." Upon the State's request, the trial court ordered the judgment to reflect "Findings on Use of Deadly Weapon: Affirmative."

Article 42.12, § 3g(a)(2) of the Texas Code of Criminal Procedure provides in pertinent part:

... Upon affirmative finding that the defendant used or exhibited a deadly weapon during the commission of an offense or during immediate flight therefrom, the trial court shall enter the finding in the judgment of the court....

Tex.Code Crim.Proc.Ann. art. 42.12, § 3g(a)(2) (Vernon Supp.1987). A jury, as fact finder, may make an affirmative finding in one of three ways: 1) the deadly weapon or firearm has been specifically pled by alleging "deadly weapon" in the indictment (Applies where the verdict reads "guilty as charged in the indictment"); 2) where not specifically pled as a deadly weapon or firearm in the indictment, the weapon pled is per se a deadly weapon or a firearm; or, 3) a special issue is submitted and answered affirmatively. *Polk v. State*, 693 S.W.2d 391, 396 (Tex.Crim.App.1985); *Gonzales v. State*, 697 S.W.2d 35, 38 (Tex. App.—Houston [14th Dist.] 1985, pet. ref'd). An affirmative finding pursuant to category one is termed a "de facto affirmative finding." *Polk v. State*, 693 S.W.2d at 394. When the defendant is a *party*, as that term is defined in Sections 7.01 and 7.02 of the Penal Code, and a deadly weap-

on was used or exhibited in the commission of the offense, there must be a specific finding by the trier of facts that *the defendant, himself,* used or exhibited the deadly weapon. *Travelstead v. State*, 693 S.W.2d 400, 402 (Tex.Crim.App.1985).

■ In the present case, because Appellant's conviction involved the law of parties, the de facto affirmative finding in the jury's general verdict established the use of a deadly weapon in the commission of the offense but did not determine whether Appellant, *himself,* used or exhibited the weapon. *Gonzales v. State*, 697 S.W.2d at 38. Therefore, it was error for the trial court to include in the judgment the finding that a deadly weapon was used during the commission of the offense. Appellant's first and second points of error are sustained. We further find that this court has the power to reform and correct the judgment as the law and nature of the case requires. *Barecky v. State*, 639 S.W.2d 943, 945 (Tex. Crim.App.1982). Accordingly, we reform and correct the judgment of the trial court to delete the affirmative finding that Appellant used or exhibited a deadly weapon during the commission of the murder.

■ In points of error three through seven Appellant contends that the trial court failed to properly apply the law to the facts of the case in its charge to the jury. Appellant's complaints are based on the fact that the abstract portion of the charge contained the complete statutory definition of "criminal responsibility for the conduct of another", as codified in Section 7.02(a) and (b) of the Penal Code, while the application paragraph of the charge did not specifically apply each of the theories of criminal responsibility to the facts. This is not error. *See Turpin v. State*, 606 S.W.2d 907, 910 (Tex.Crim.App.1980); *Kleese v. State*, 680 S.W.2d 664, 667 (Tex.App.—Fort Worth 1984, pet. ref'd).

The abstract portion of the charge instructed the jury on the general legal principles involved in the case by tracking the language of §§ 7.01 and 7.02. *See* Tex.Penal Code Ann. §§ 7.01, 7.02 (Vernon 1974). The application paragraph then instructed the jury that it must acquit Appellant if it

did not find that he "acting alone or with another person as a party to the offense, as that term is hereinbefore defined" committed the murder. We hold that the application paragraph correctly applied the law to the facts. *See Harris v. State*, 681 S.W.2d 726, 731 (Tex.App.—Houston [14th Dist.] 1984), *affirmed*, 727 S.W.2d 537 (Tex.Crim. App.1987).

Appellant contends that the evidence was insufficient to show that he committed the murder "acting alone." Appellant is correct in this assertion. However, Appellant was not harmed by the "acting alone" language in the jury charge. In the first portion of the charge the court explained that Appellant was charged with murder and provided the abstract law regarding the offense of murder. The court then included complete instructions on the law of parties. The jury was then clearly instructed that, in order to return a guilty verdict, it must find from the evidence beyond a reasonable doubt that Appellant committed the murder while either acting alone or with another as a party.

The record reflects that the State proceeded solely on the theory that Appellant was guilty of the offense as a party. There is no realistic possibility that the jury could have been misled by the court's charge. Further, a charge requiring the jury to find that a defendant acted alone in committing the offense increases rather than decreases the State's burden and as a result it benefits rather than harms the defendant. *Watson v. State*, 693 S.W.2d 938, 942 (Tex.Crim.App.1985). Points of error three through seven are overruled.

The judgment of the trial court is modified to delete any reference to the use of a deadly weapon. As modified, the judgment of the trial court is affirmed.