**Lloyd Sherman TRAVELSTEAD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 405–84.**

Court of Criminal Appeals of Texas, En Banc.

May 22, 1985.

Gus Lyons, Lufkin, for appellant.

Gerald A. Goodwin, Dist. Atty., and Clyde Herrington and Joe Crawford, Asst. Dist. Attys., Lufkin, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

This is an appeal from a conviction of murder under V.T.C.A., Penal Code Sections 7.01 and 19.02. A jury assessed punishment at 99 years' imprisonment and a $10,000.00 fine.

Subsequent to the jury verdict, the trial court then added to the judgment an affirmative finding that a deadly weapon was used in the commission of the crime. On appeal, appellant raised one ground of error. Appellant claimed that it was error for the trial court to make the affirmative finding that a deadly weapon was used. The Beaumont Court of Appeals held that the jury implicitly made the said finding in its verdict. The court below also held that where the jury makes the finding, the judgment should reflect that the jury, not the trial court, found that the defendant used a

deadly weapon in the commission of his crime. The court below held that even though the trial court erred in stating that it made the finding, the error was harmless. The court below overruled the ground of error, but reformed the trial court's judgment to show that the jury, and not the trial court, made the affirmative finding. *Travelstead v. State*, (No. 09–83–060 CR, February 15, 1984).

In the appellant's petition for discretionary review, he raises the ground of review that it was error for the trial court to make the affirmative finding that a deadly weapon was used. In the instant case the appellant was indicted for capital murder. The indictment, omitting the formal parts, reads:

"did then and there intentionally and knowingly cause the death of an individual, Bob Yarbrough, by shooting him with a gun; and the said Lloyd Sherman Travelsted (sic) did then and there intentionally cause the death of the said Bob Yarbrough in the course of committing the offense of robbery."[1]

The evidence shows that appellant, Lloyd Sherman Travelstead, hated his step-father, Bob Yarbrough, and wanted him dead. Travelstead approached his friend Stephen Oates to help him kill Bob Yarbrough. Together they planned the murder. Travelstead and Oates met on the day of June 13, 1982 to carry out the plan. As they drove to the victim's residence Travelstead loaded the gun.

At the time Oates and Travelstead arrived, the victim was home alone, seated at his kitchen table eating his evening meal. Travelstead and Oates knocked at an outside door which opened into the kitchen. When the victim opened the door Oates fired a shotgun blast into his body causing him to fall face down on the floor. Travelstead said "shoot him, Shoot him. Make sure he is dead." Oates then walked up to the victim on the floor and shot him again

in the back. Travelstead then picked up the money bag which the victim had brought home from his place of business and he and Oates fled the scene in Oates' car.

After the close of evidence, the trial court charged the jury, in the paragraph applying the law to the facts, as to the offense of murder, and whether or not appellant was a party to that murder. The jury was not charged on whether the appellant committed the murder himself. The verdict of the jury, omitting the formal parts, reads:

"We, the jury, find the defendant 'Guilty of Murder' as charged in the indictment."

After the jury assessed the appellant's punishment, the trial court added the statement, "The Court makes an affirmative finding that a deadly weapon was used," to the judgment. *Ex parte Moser*, 602 S.W.2d 530 (Tex.Cr.App.1980), would certainly be applicable in this case except for the issue of the law of parties.

Appellant states that he was convicted only as a party to murder. Appellant argues that the law of parties does not apply to Section 3f(a)(2), Article 42.12, V.A.C.C.P. Appellant claims that the trial court incorrectly found that he used or exhibited a deadly weapon during the commission of the murder.

In Section 15(b), Article 42.12, V.A.C.C.P., the Legislature set out that:

"If the judgment contains an affirmative finding under section 3f(a)(2) of this Article, he is not eligible for release on parole until his actual calendar time served, without consideration of good conduct time, equals one-third of the maximum sentence or 20 calendar years, whichever is less."

Section 3f(a)(2) states, in part:

"Upon affirmative finding that *the defendant* used or exhibited a deadly weapon[2] during the commission of an offense

---

1. This is not a model indictment for capital murder. For a proper form, see 7 Texas Practice 33 ff, Wilson's Texas Criminal Forms, Morrison and Blackwell, Section 4.05.

2. As defined in V.T.C.A., Penal Code Sec. 1.07(a)(11).

or during immediate flight therefrom, the trial court shall enter the finding in the judgment of the court."

■ We find that the phrase "the defendant used or exhibited a deadly weapon" implies that the defendant, himself, use or exhibit a deadly weapon during the commission of a felony or flight therefrom. When a defendant is a party, as defined in Sections 7.01 and 7.02 of the Penal Code, to the use or exhibition of a deadly weapon, there must be a specific finding by the trier of facts that the defendant himself used or exhibited the deadly weapon. The power of the trial court to make an affirmative finding should only be invoked if he is the trier of the facts. When the issue of punishment is before the jury, the trial court should submit a special issue to the jury regarding an affirmative finding of a deadly weapon. Much confusion would be eliminated if this procedure were followed. Additional guidelines have been set out in a case decided this day. *Polk v. State*, 693 S.W.2d 391 (Tex.Cr.App.1985).

We agree with the court below that "the statute does not require any specific wording or terminology when making a finding that a deadly weapon was used." However, the defendant, not another party, must use or exhibit the deadly weapon.

■ As a party to the fatal shooting of Bob Yarbrough, appellant was improperly found to have used a deadly weapon in the commission of that crime. We reverse the judgment of the Court of Appeals. The judgment of the trial court shall be reformed to delete the affirmative finding that the appellant used or exhibited a deadly weapon in the commission of the murder.

TEAGUE, J., concurs in the result.

CLINTON, Judge, concurring.

We granted review in this cause to determine whether the law of parties is applicable to § 3f(a)(2), Article 42.12, V.A.C.C.P. The Court finds that "the phrase 'the defendant used or exhibited a deadly weapon' *implies* [1] that the defendant, himself, use

or exhibit a deadly weapon during the commission of a felony or flight therefrom." Though I agree with the result, my reasons are somewhat more expansive.

The provisions of § 3f(a)(2) should be read literally. Every indication is that the Legislature intended it to be.

In the first place, the statute itself deals with punishment of the defendant, individually and personally. Similarly, in every sentence of § 3f(a)(2) the pointed reference is to "the defendant."

Secondly, a significant effect of § 3f(a) is to withdraw authority of a judge of the trial court alone to grant probation to a defendant "adjudged guilty" of an offense listed in § 3f(a)(1) or to a defendant "shown" to have used or exhibited a deadly weapon during commission of any felony offense or immediate flight therefrom, but in otherwise prescribed circumstances to continue to permit a jury to recommend probation for such a defendant. Thus, "when it is shown that *the defendant* used or exhibited a deadly weapon" et cetera, and though the jury properly makes an "affirmative finding that *the defendant* used or exhibited a deadly weapon," the Legislature was willing to allow a jury considering all evidence about the defendant at the punishment phase to recommend that probation be granted to the defendant. See generally Ex parte Thomas, 628 S.W.2d 905 (Tex.Cr.App.1982).

Finally, contrasting format and language used in § 3f(a)(1) and (2) reflect that the Legislature knew exactly what it was doing. Thus in (1) a defendant is "adjudged guilty" of one of the prescribed aggravated offenses (which would admit a finding of guilty based on the law of parties)—regardless of whether a deadly weapon was used or exhibited, whereas in (2) though a defendant implicitly is adjudged guilty of committing a felony offense, that a deadly weapon was used or exhibited is personalized by the repeated requirement that it be shown and found "the defendant" did so. That kind of juxtaposition in the same sub-

1. All emphasis is mine unless otherwise indi-     cated.

section clearly reveals that the law of parties is contemplated in the first situation but that it is no substitute for proving what must be shown and found in the second.

For those reasons I agree with the majority that "the defendant, not another party, must use or exhibit the deadly weapon." With those reservations expressed in my concurring opinion in *Polk v. State*, 693 S.W.2d 391 (Tex.Cr.App.1985), I join the opinion and judgment of the Court.