Gino Anthony PORTER, Appellant,

v.

The STATE of Texas, State.

No. 2–86–291–CR.

Court of Appeals of Texas,
Fort Worth.

Nov. 12, 1987.

Rehearing Denied Dec. 10, 1987.

Alley & Alley, Richard Alley, Fort Worth, for appellant.

Tim Curry, Dist. Atty., with C. Chris Marshall, Darrell Adkerson, Richard Roper and Tim Moore, Asst. Dist. Attys., Fort Worth, for State.

Before FENDER, C.J., and JOE SPURLOCK, II and FARRIS, JJ.

## OPINION

FENDER, Chief Justice.

Appellant, Gino Anthony Porter, was convicted by a jury of the offense of attempted murder. *See* TEX.PENAL CODE ANN. secs. 15.01 and 19.02 (Vernon Supp. 1987 and 1974). Appellant pled not guilty, and entered a plea of "not true" to the enhancement paragraph of the indictment. The jury found appellant guilty, determined that he had one prior conviction for felony theft and one prior conviction for burglary of a motor vehicle and sentenced appellant to fifty years' confinement in the Texas Department of Corrections.

On appeal appellant raises seven points of error contending that: (1) a prospective juror was established, as a matter of law, as being prejudiced against appellant; (2) the inclusion of an instruction to the jury on the law of parties was not supported by the evidence; (3) and (4) the prosecutor improperly expressed his opinion as to the guilt of appellant during closing argument; (5) the law of parties should not have been applied to the special issue concerning appellant's use of a deadly weapon; (6) the special issue as to a deadly weapon should not have been submitted at the punishment phase; and (7) the prosecutor made an improper jury argument.

We affirm.

On March 31, 1986, the complainant, Anderle, and his son were exiting the post office located west of McCart, Fort Worth, Texas when they noticed appellant and two other men approaching them. As these men came up next to Anderle, appellant lunged toward him. Anderle ran and while turning back to see if he was being followed, Anderle saw appellant point a revolver at him and fire it at him. The bullet struck Anderle in the back. Subsequently, appellant was arrested and identified as the assailant by Anderle.

Appellant contends in his first point of error that the court erred in overruling the appellant's challenge for cause to a prospective juror. In essence, appellant contends the prospective juror was established, as a matter of law, as being prejudiced against appellant.

■ TEX.CODE CRIM.PROC.ANN. art. 35.16(a)(9) (Vernon Pamph.Supp.1987) mandates that a prospective juror be dismissed for cause if "he has a bias or prejudice in favor of or against the defendant." When bias or prejudice is not established as a matter of law, the trial court has the discretion to determine whether bias or prejudice actually exists to such a degree that a prospective juror is disqualified and should be excused. *Anderson v. State*, 633 S.W. 2d 851, 854 (Tex.Crim.App.1982); *Kennard v. State*, 649 S.W.2d 752, 764 (Tex.App.— Fort Worth 1983, pet. ref'd). We can, therefore, only overturn the ruling of the trial judge if, in light of all the answers given by a prospective juror, bias as a matter of law has been established. *Anderson*, 633 S.W.2d at 854.

Viewing the testimony of the challenged juror as a whole, we hold that bias as a matter of law has not been established by this record. The record reflects that one of defense counsel's first questions of the prospective juror was whether her prior jury service in a murder case might affect the manner in which she viewed the evidence in appellant's case. The prospective juror stated it would not affect the way she viewed the evidence in the case at hand. Immediately thereafter, counsel again asked the prospective juror whether her past experience might affect the way she viewed the law in the present case. The prospective juror began to equivocate by answering that her past might have some effect on her in appellant's case, but that she was unsure whether the effect would be adverse to appellant. During defense counsel's repeated questioning, the prospective juror requested to approach the bench and the relevant portion of the prospective juror's testimony is as follows:

[JUROR]: I have regrets about the leniency of our sentencing in the last case, and I feel like it would make me, in the punishment phase, be more severe because of those regrets.

THE COURT: Let me ask you this question. Do you think that even though you had those regrets in regard to that case that you could set those feelings aside, number one, and decide the guilt or innocence of the Defendant based solely on the evidence you hear from the witness stand?

[JUROR]: I have no problem with that phase of it.

THE COURT: If you found not guilty, you wouldn't be talking about the punishment phase. But if you found guilty, the same question. Could you set your opinions aside and decide the punishment based on the facts and evidence that you heard in this case without regard to what happened in the other case?

[JUROR]: I think so. I think I could clear it out of the back of my mind.

. . . .

MR. ALLEY: Are you telling the Court that you could set those experiences and feelings aside, that you could guarantee not to think about them in any shape or form either in guilt-innocence or punishment, even to the smallest degree?

[JUROR]: I honestly can't say that.

■ Prejudice exists as a matter of law when a prospective juror admits that he has bias for or against a defendant, *Brandon v. State*, 599 S.W.2d 567 (Tex.Crim. App.1979); admits or demonstrates prejudice toward a racial or ethnic class of which the defendant is a member, *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed. 2d 69 (1986); or when the prospective juror admits resentment toward a defendant. *See Williams v. State*, 565 S.W.2d 63 (Tex. Crim.App.1978).

■ In the case at bar, although the prospective juror equivocated at first, by the end of her bench testimony she had returned to her initial stand that her prior service would not affect her decision in the instant case. The inability to "guarantee" not to think about past experiences "in any shape or form" does not establish a prospective juror as prejudiced as a matter of

law. We believe such a "guarantee" imposes a greater degree of unbiased status on a juror than is required by TEX.CODE CRIM.PROC.ANN. art. 35.16(a)(9). Appellant's first point of error is overruled.

■ Appellant's second point of error asserts that the inclusion of an instruction to the jury on the law of parties was not warranted by the evidence and constituted reversible error. Inasmuch as appellant did object at trial to the error in the court's charge, we must decide whether such error is "calculated to injure the rights of defendant," which means there must be some harm to the accused from the error. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (opinion on reh'g).

In making this determination, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Id.* The purpose of this review is to illuminate the actual, not just theoretical, harm to the accused. *Id.* at 174.

The evidence presented at trial does not show that anyone other than appellant committed the offense of attempted murder. However, even if the jury convicted appellant under a theory that he was a party, they had to do so by the same acts which support his conviction as a principal. In *Montes v. State*, 724 S.W.2d 54 (Tex. Crim.App.1987), the Court of Criminal Appeals held that where the evidence clearly supports a defendant's guilt as a principal actor, any error of the trial court in charging on the law of parties is harmless. *See also Watson v. State*, 693 S.W.2d 938, 940–41 (Tex.Crim.App.1985); *Lewis v. State*, 712 S.W.2d 866, 870 (Tex.App.—Houston [1st Dist.] 1986, no pet.). Accordingly, we conclude appellant was not harmed even if the jury convicted him under a party theory. Appellant's second point of error is overruled.

In points of error three and four, appellant asserts that the trial court erred in overruling appellant's objection to the prosecutor expressing his opinion as to the guilt of appellant during closing argument. Appellant found the following statements made by the prosecutor objectionable:

[T]here's one reason that there's not witnesses when somebody commits a criminal offense and that's because the person that does it and this man right here made sure there weren't any witnesses.

. . . .

... He left him the memory of Mr. Anderle the fact that he saw him and he could identify him. And thank goodness he left his fingerprints on the car because that man right there is guilty of attempted murder, ladies and gentlemen. . . .

■ To be permissible, jury argument must fall within one of the following four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Cannon v. State*, 668 S.W.2d 401, 404 (Tex.Crim.App.1984); *Darden v. State*, 629 S.W.2d 46, 52 (Tex.Crim.App.1982). We hold that the prosecutor's argument does not exceed the permissible bounds of the above areas.

■ The record reflects there were no witnesses to the offense, other than the victim and his son. Anderle, the victim, testified that he observed appellant from between three to five feet. In addition, the evidence shows that appellant's fingerprints were in fact left on the getaway car. Both of the prosecutor's statements were made immediately following the discussion of the above facts and are reasonable deductions from the evidence. Moreover, it is well settled that the prosecutor may argue his opinions in the case so long as the opinions are based on the evidence in the record and not as constituting unsworn testimony. *See McKay v. State*, 707 S.W.2d 23, 39 (Tex.Crim.App.1985); *Van Skike v. State*, 388 S.W.2d 716 (Tex.Crim.App.1965). In light of the record as a whole, we view the argument as the prosecutor's opinion of the evidence and not as constituting un-

sworn testimony. Appellant's third and fourth points of error are overruled.

 Appellant contends in his fifth point of error that the trial court erred in refusing to instruct the jury that the law of parties did not apply to the special issue concerning appellant's use of a deadly weapon. The court submitted the special issue regarding the affirmative finding of the use of a firearm in the offense. Appellant objected that the jury was not told that the law of parties upon which it had previously been instructed did not apply to such finding. The objection was overruled. Appellant relies on *Travelstead v. State*, 693 S.W.2d 400 (Tex.Crim.App.1985), and contends that an affirmative finding could not be entered against a defendant upon the law of parties. The evidence in *Travelstead* showed that the defendant only accompanied the principal gunman, and that the jury found defendant guilty as a party to the offense. *Id.* at 401. The trial court added to the judgment the statement that "[t]he Court makes an affirmative finding that a deadly weapon was used." *Id.* The Court of Criminal Appeals reversed, holding that when a defendant is a party to the use or exhibition of a deadly weapon, there must be a specific finding that the defendant himself used or exhibited the deadly weapon. *Id.* at 402. That, however, is not the situation we have here. In appellant's case, the uncontroverted evidence showed appellant, not his accomplices, used and exhibited a deadly weapon. Since there was no evidence that appellant did not use a deadly weapon, it was unnecessary for the trial court to instruct the jury that the law of parties did not apply to the deadly weapon special issue. Appellant's point of error five is overruled.

Appellant's sixth point of error urges that the trial court erred in submitting at the punishment phase the special issue as to a deadly weapon. We disagree. An affirmative finding may be made if, during the punishment stage of the trial, the trier of fact is presented with and responds in the affirmative to a special issue regarding the defendant's use or exhibition of a deadly weapon during the commission of the offense. *Polk v. State*, 693 S.W.2d 391, 394 (Tex.Crim.App.1985). Appellant's point of error six is overruled.

Appellant's last point of error is without substance. Appellant contends the prosecutor made an improper jury argument by injecting evidence of an extraneous offense in stating "[appellant] escaped at the time of the offense." The fact that appellant and his accomplices escaped from the attempted murder scene is clearly supported by the evidence. The prosecutor in his closing argument merely discussed the facts surrounding the charged offense, and these facts included appellant's flight and escape from the offense. *See Maynard v. State*, 685 S.W.2d 60, 66-67 (Tex.Crim.App. 1985); *Albrecht v. State*, 486 S.W.2d 97, 100-01 (Tex.Crim.App.1972). The prosecutor never indicated the escape was a collateral offense nor did the prosecutor request additional punishment for such. Appellant's seventh point of error is overruled.

The judgment of the trial court is affirmed.