**Larry Dean TURNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–86–01099–CR.**

Court of Appeals of Texas, Dallas.

May 4, 1988.

Lawrence B. Mitchell, Dallas, for appellant.

Sue Korioth, Dallas, for appellee.

Before HOWELL, HECHT and THOMAS, JJ.

## ON MOTION FOR REHEARING

HOWELL, Justice.

This Court's prior opinion dated March 16, 1988 is withdrawn. The following is now the opinion of the Court.

Appellant Larry Dean Turner was convicted by a jury of the first-degree felony offense of murder. The jury assessed punishment at life plus a $10,000 fine. Appellant urges reversal of his conviction because 1) the trial court failed to instruct the jury regarding an affirmative finding on appellant's use of a deadly weapon, 2) the evidence was insufficient to establish appellant's use of a deadly weapon in the offense, and 3) the trial court erred in instructing the jury on the law of parole. We agree with appellant's first and third points of error; accordingly, we reform the judgment to delete the court's finding of use of a deadly weapon, and remand the cause to the trial court.

The evidence at trial indicated that appellant and a co-actor, Collin Duncan, accosted and robbed the deceased in an apartment parking lot. An eyewitness testified that both men had knives and were "poking at" the deceased as he attempted to escape the lot in his car. Although able to drive away, he died shortly afterwards from stab wounds. Appellant's written confession was admitted into evidence in which appellant admitted robbing the victim but stated that only the co-actor Duncan had actually stabbed the victim.

Appellant asserts that the evidence is insufficient to establish that he used a deadly weapon in the commission of the

offense. When reviewing this "sufficiency" point of error, we must view the totality of the evidence in the light most favorable to the verdict rendered. *See Jackson v. Virginia,* 443 U.S. 307, 319 n. 12, 99 S.Ct. 2781, 2789 n. 12, 16 L.Ed.2d 560 (1979); *Dickey v. State,* 693 S.W.2d 386, 387 (Tex.Crim.App.1984). The evidence included the testimony of an eyewitness who stated that he saw appellant and Duncan on either side of the deceased holding "knives in their hands." He saw the shorter of the assailants, Duncan, snatch a watch off the victim's arm and heard the taller man, appellant, say, "Give me your money." The appellant was pointing his knife at the deceased. At this point, the victim said "I don't have any money" and tried to jump into his car. As he attempted to escape, both appellant and Duncan began "sticking at him, poking at him with the knives." The eyewitness never actually saw the appellant's knife puncture the deceased, who died as a result of a stab wound to the chest.

Appellant testified that although he participated in the robbery of the victim, only Duncan had used or exhibited a knife and that the eyewitness to the offense had actually participated in the robbery.

The totality of the evidence regarding appellant's use or non-use of a knife is conflicting—the State's witness testifying that appellant used and exhibited a knife, appellant testifying that he did not. Therefore, when viewing the evidence in the light most favorable to the verdict, we must conclude that the jury found the eyewitness' testimony more persuasive than that of appellant. The eyewitness' direct testimony was sufficient to support the verdict. Appellant's second point of error is overruled.[1]

In a related point of error, appellant asserts that the trial court erred in overruling appellant's objection to the charge for its failure to instruct the jury regarding an affirmative finding on the use of a deadly weapon. We agree and delete the affirmative finding entered by the court.

The charge to the jury read, in pertinent part, as follows:

[I]f you find and believe from the evidence beyond a reasonable doubt that the defendant, Larry Dean Turner, *acting either alone or as a party to the offense,* if any, on or about the 28th day of December, 1985, in the County of Dallas and State of Texas did then and there knowingly or intentionally cause the death of Richard Harold Hodge, an individual, by stabbing the said Richard Harold Hodge with a deadly weapon, to-wit: a knife, then you will find the defendant guilty of murder, as charged in the indictment.

(emphasis added). The jury, therefore, might have believed appellant's version of the events (that, although appellant participated in the offense, only Duncan used a knife) and found him guilty on the law of parties. *See* TEX.PEN.CODE §§ 7.01–.03 (Vernon 1974).

We hold that *Travelstead v. State,* 693 S.W.2d 400 (Tex.Crim.App.1985), controls this point of error. In *Travelstead,* appellant was found guilty of capital murder as a party to the offense. The evidence showed that Travelstead and a co-actor robbed the victim. In the course of committing the robbery, the co-actor shot the victim with a shotgun and caused the death of the victim. Travelstead was convicted as a party to the capital murder and the trial court entered a finding that "a deadly weapon was used." *Travelstead,* 693 S.W. 2d at 401. The appellant appealed this finding of deadly weapon use as there was no such finding by the jury, the trier of fact. The Court of Criminal Appeals set aside the finding, stating:

---

1. We note that the jury was charged on the law of parties to a criminal act. *See* TEX.PEN. CODE ANN. §§ 7.01–.02 (Vernon 1974); *infra,* opinion at 242–43 (discussion of appellant's "charging" point of error). Thus, appellant need not necessarily have even possessed a knife to have been found guilty of murder on a theory of parties, *e.g.,* if acting with intent to assist or promote Collin Duncan in the offense, he encouraged or aided Duncan in the murder. *See* TEX.PEN.CODE ANN. § 7.02(a)(2). The evidence is sufficient to support the verdict on both the "commission" and "party" theories of criminal responsibility.

We find that the phrase "the defendant used or exhibited a deadly weapon" implies that the defendant, himself, use or exhibit a deadly weapon during the commission of a felony or flight therefrom. When a defendant is a party, as defined in Sections 7.01 and 7.02 of the Penal Code, to the use or exhibition of a deadly weapon, there must be a specific finding by the trier of facts that the defendant himself used or exhibited the deadly weapon. The power of the trial court to make an affirmative finding should only be invoked if he is the trier of the facts. When the issue of punishment is before the jury, the trial court should submit a special issue to the jury regarding an affirmative finding of a deadly weapon. Much confusion would be eliminated if this procedure were followed.

*Id.* at 402. The case in hand is factually similar to *Travelstead.*

However, the instant charge instructed the jury on the law of parties *and* actual commission such that we cannot tell whether appellant was found guilty as a party or an actor. The jury, in returning a guilty verdict, did not necessarily find by implication that appellant himself used or exhibited a deadly weapon. *See Polk v. State,* 693 S.W.2d 391, 394 (Tex.Crim.App.1985). We sustain appellant's first point and delete the court's finding that appellant used or exhibited a deadly weapon. *See Travelstead,* 693 S.W.2d at 402 (deletion of improper affirmative finding by trial court).

■ In his last two points of error, appellant urges that the trial court's submission of the parole instruction was in error. The court submitted the instruction as mandated by article 37.07 of the Code of Criminal Procedure. Appellant objected to this instruction as confusing, misleading, a violation of his right to due process, and a denial of effective assistance of counsel. Appellant submitted several alternatives to the statutory instruction, all of which were overruled by the court.

The statutorily mandated parole instruction has recently been held unconstitutional in *Rose v. State,* 752 S.W.2d 529 (Tex.Crim. App.1987). As our appellant objected to the

jury charge, *Rose* mandates that we conduct an *Almanza* analysis. *Rose,* at 538 (Miller, J., concurring); *id.,* 540 (Onion, C.J., concurring in part and dissenting in part): *see also Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (on reh.).

This appellant was assessed the maximum penalty available following conviction for first degree murder. We are unable to hold that the erroneous charge, objected to by appellant, made no contribution to the punishment assessed. Because the error relates to the punishment stage of the trial, it is the responsibility of the trial court to determine whether the appellant should have a completely new trial or if it should treat the case on remand "as if a finding of guilt had been returned and proceed to the punishment stage of the trial." *See* TEX. CODE CRIM.PROC. art. 44.29(b) (Vernon Supp.1988); *Ex parte Klasing,* 738 S.W.2d 648, 650–51 (Tex.Crim.App.1987) (on reh.). Appellant's third point of error is sustained.

As we have sustained appellant's first and third points of error, the judgment of the trial court is reformed such that the finding of appellant's use of a deadly weapon is deleted, and the case is remanded to the trial court for further proceedings in accordance with this opinion.