**John Edward DEL RIO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–95–00973–CR.**

Court of Appeals of Texas,
San Antonio.

Feb. 19, 1997.

Paul J. Goeke, Robert McGlohon, Jr., San Antonio, for Appellant.

Angela Moore, Assistant Criminal District Attorney, San Antonio, for Appellee.

Before STONE, GREEN and DUNCAN, JJ.

## OPINION

GREEN, Justice.

This appeal arises from the conviction and sentencing of John Edward Del Rio for two counts of murder. In his sole point of error, Del Rio contends that the court erred by accepting an illegal plea bargain.

### Facts

Del Rio, certified to stand trial as an adult, was indicted for the capital murder of two individuals. The offense was alleged to have occurred on or about March 29, 1991. Pursuant to a plea bargain, Del Rio pled guilty to two lesser included offenses of murder and stipulated that he admitted to the killings but only "acting together and in concert with" others. The court recognized that Del Rio was pleading guilty only as a party to the killings. The trial court accepted Del Rio's plea, found him guilty, and sentenced him to 40 years in the Texas Department of Corrections–Institutional Division for each offense of murder with the sentences running con-

currently. The court also made an affirmative finding that a deadly weapon was used in the commission of the crimes in accordance with the plea bargain agreement.

Del Rio properly filed notice of appeal.

### Discussion

On appeal, Del Rio claims that his plea bargain was void because the judge improperly made an affirmative finding that a deadly weapon was used. He asserts that the law in effect in March of 1991 did not permit a judge to make a deadly weapon finding premised upon party liability. The State concedes that the judge improperly made a deadly weapon finding. Where Del Rio and the State differ is on the result of the judge's error. Del Rio contends that the plea bargain is void and claims that the judgment must be set aside and the cause remanded for the defendant to answer to the indictment. The State, on the other hand, argues that this Court should not set aside the judgment but instead should simply reform the judgment by deleting the affirmative finding.

■ Both parties are correct in their assertions that the trial judge improperly made a deadly weapon finding. *See Ex Parte Adkins,* 767 S.W.2d 809, 811 (Tex.Crim.App. 1989). "[I]f a defendant is tried as a party, there can be no affirmative finding of the use of a deadly weapon unless the trier of fact makes a specific finding that the defendant *himself* used or exhibited the deadly weapon." *Id.* at 810 (citing *Travelstead v. State,* 693 S.W.2d 400 (Tex.Crim.App.1985)).[1]

The question now before this Court is what relief is available, that is, what is the proper disposition of the plea bargain agreement. We have two choices: (1) enforce the agreement or (2) set the agreement aside. *Ex Parte Adkins,* 767 S.W.2d at 811. The State correctly argues that an improper entry of an affirmative finding requires the finding to be deleted. *See id.* Accordingly, it urges this Court to reform the judgment. The State relies upon *Ex Parte McJunkins,* 926 S.W.2d

296 (Tex.Crim.App.1996), *reh'g granted,* No. 72410 (Tex.Crim.App. Dec. 18, 1996), for the proposition that the State can "forbear and relinquish" any benefit it may have received from the plea agreement and thereby seek enforcement of a reformed judgment.

In *McJunkins,* McJunkins challenged the portion of his plea agreement which required his sentences to run consecutively. *Id.* at 297. The State did not file a reply. *Id.* After finding that the cumulation orders were improper, the court discussed the proper disposition of the plea bargain agreement. *Id.* The majority of the court noted that the State is the party which benefits from cumulation orders, but because the State did not express its desire to "forebear and relinquish" this benefit, deletion of the cumulation order "would unfairly inure to [McJunkins]". *Id.* at 297–98. The court set aside the judgments and ordered McJunkins returned to the sheriff to answer to the charging instruments. *Id.* at 298.

Del Rio argues that this cause is controlled by *Ex Parte Adkins.* In *Ex Parte Adkins,* Adkins was indicted for capital murder, but pursuant to a plea bargain, he pled guilty to the lesser included offense of murder. *Ex Parte Adkins,* 767 S.W.2d at 810. He was ultimately convicted as a party to the offense. *Id.* In accordance with the plea agreement, the trial court's judgment included an affirmative finding that a deadly weapon was used. *Id.* After concluding that the affirmative finding was improper, the court analyzed the implications of the faulty plea bargain agreement:

[T]he result of deleting the finding without disturbing the remainder of the bargain would be to adjust the tenor of the 'mutual obligation' entered into by the parties. This would create a new bargain not contemplated by the parties or the trial court when it accepted the plea agreement and entered its judgment accordingly. As plea agreements should be followed the same as a contract under similar circumstances, we

---

1. Currently, the Legislature permits a court to make affirmative findings concerning the use of a deadly weapon even if the defendant is a party. *See* Tex.Code Crim. Proc. Ann. art. 42.12 § 3g (a)(2) (Vernon Supp.1997). However, this provision only applies to offenses committed on or after September 1, 1991. *See* Act of May 25, 1991, 72nd Leg., R.S., ch. 541 §§ 2–3, 1991 Tex. Gen. Laws 1876, 1877.

**64**

find that specific performance of the agreement, without an essential portion of the essence of the agreement, i.e., the affirmative finding, is an unacceptable remedy.

This leaves this Court with but one option in this case: to set the plea bargain aside. By doing this, we place the parties once again on equal grounds in relation to their bargaining positions which led to the initial plea agreement.

*Id.* at 811.

■ We find that *Ex Parte Adkins* is distinguishable from the instant case since the State in *Ex Parte Adkins* did not offer to forbear and relinquish its benefit of obtaining a deadly weapon finding. In fact, the State specifically argued that the inclusion of the affirmative finding was proper. *See id.* The facts of the case at bar present a different scenario since the State has indicated that it is willing to forbear and relinquish the benefit of the affirmative finding.

We recognize that the State is the party which benefits from the judgment's inclusion of a deadly weapon finding since such finding can ultimately limit the availability of community supervision to a defendant, *see* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 3g (a)(2) (Vernon Supp. 1997), and can affect the amount of time that the defendant actually serves in jail by preventing him from receiving good conduct time credits, *see id.* at art. 42.18 § 8(b)(3). Because the State agrees to forbear and relinquish this benefit, pursuant to the reasoning in *McJunkins*, we must reform the judgment.

Accordingly, we reform the trial court's judgment to delete the affirmative finding that a deadly weapon was used. The trial court's judgment is affirmed as reformed.