Opinion On State=s Motion for En Banc Reconsideration filed November 14,
2002









Opinion On State=s
Motion for En Banc Reconsideration filed November 14, 2002.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-00-01297-CR

____________

 

FRANCISCO JAVIER SARMIENTO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause No. 816986

 



 

OPINION   ON  
STATE=S   MOTION   FOR

EN   BANC  
RECONSIDERATION








In a unanimous panel opinion, this Court affirmed appellant’s
conviction, but reformed the judgment of the trial court to delete an affirmative
finding of the use or exhibition of a deadly weapon during the commission of
the offense. The panel acknowledged conflicting authority regarding the
propriety of an affirmative finding, but was obliged by stare decisis to
follow previous panel opinions of this Court. 
The State has asked that we reconsider our interpretation of Article
42.12 of the Texas Code of Criminal Procedure in light of the conflicting
authority cited in our original opinion. 
After en banc reconsideration, we affirm the judgment of the trial court
without qualification or reformation. 
Accordingly, for the reasons set forth below, we do not withdraw our
previous unpublished panel opinion, but merely withdraw that portion of the
opinion deleting the affirmative finding of a deadly weapon from the trial
court=s judgment.

Francisco Javier Sarmiento, the appellant, was convicted of
aggravated robbery.  The jury was
authorized by the court=s charge to convict appellant either as a principal or as a
party to the offense.  Because the jury
did not make an affirmative finding that appellant either used a weapon or knew
a weapon would be used in the commission of the offense, appellant contends the
trial court was not authorized to enter an affirmative finding of a deadly
weapon on the judgment.  We disagree.

In 1977, the Legislature amended Article 42.12 to provide, in
appropriate cases, for the affirmative finding of the use or exhibition of a
deadly weapon.  Such a finding could be
made if it was shown by the evidence “that the defendant used or exhibited a
deadly weapon.. . . . during the commission of a felony offense or during
immediate flight therefrom.”  Act of May
30, 1977, 65th Leg., R.S., ch. 347, 1977 Tex. Gen. Laws 925, 926.  Upon making such a finding, the trial court
was instructed to “enter the finding in the judgment of the court.”  Id. 
After the 1977 amendment, trial courts began to routinely enter
affirmative findings in appropriate cases.








An issue soon arose, however, regarding the propriety of
entering an affirmative finding in cases where the defendant was convicted as a
party.  In June of 1982, Lloyd Sherman
Travelstead and his friend Stephen Oates executed a plan to murder Travelstead’s
step-father, Bob Yarbrough.  See
Travelstead v. State, 693 S.W.2d 400, 401 (Tex. Crim. App. 1985).  Travelstead loaded a shotgun as the two men
drove to the victim=s residence.  Upon
their arrival, Travelstead handed the shotgun to Oates.  When Yarbrough opened the front door of his
home, Oates shot the victim causing him to fall to the floor.  Whereupon, Travelstead said to Oates, “Shoot
him, shoot him.  Make sure he is dead.”  Id. 
Oates then shot Yarbrough a second time. 
Travelstead was subsequently convicted of murder under the law of
parties, and an affirmative finding of the use or exhibition of a deadly weapon
was included in the judgment.

Because
Travelstead was not the “triggerman,” he argued it was inappropriate for the
trial court to make an affirmative finding in his case.  The Court of Criminal Appeals agreed. In
1985, the Court wrote:

We find that the
phrase Athe defendant used or exhibited a deadly weapon@ implies that the defendant, himself, use or exhibit a
deadly weapon during the commission of a felony or flight therefrom.  When a defendant is a party . . . to the use
or exhibition of a deadly weapon, there must be a specific finding by the trier
of facts that the defendant himself used or exhibited the deadly weapon.

 

Id. at
402.  (emphasis added).

Being an intermediate court, we immediately adhered to the
interpretation of Article 42.12 set forth in Travelstead.  See Gonzales v. State, 697 S.W.2d 35,
38 (Tex. App.CHouston [14th Dist.] 1985, pet. ref’d);
LeBlanc v. State, 737 S.W.2d 865, 870 (Tex. App.CHouston [14th Dist.] 1987, pet. ref’d).  Although we expressed reservations about the
wisdom of Travelstead, the Court of Criminal Appeals did not deviate
from its interpretation of Article 42.12, and we continued to hold that when a
defendant is convicted as a party, an affirmative finding of a deadly weapon
must be supported by evidence and a finding that the defendant himself used or
exhibited the weapon.  Ray v. State,
764 S.W.2d 406, 414 (Tex. App.CHouston [14th Dist.] 1988, pet. ref’d) (“If this court were
writing on a blank slate, we would be inclined to follow the State’s rationale
in overruling appellant’s point of error. 
The State presents persuasive, commonsense arguments that the person persuading
the triggerman to pull the trigger should be held to the same amount of
accountability and punishment as  the
triggerman.”).








The Legislature effectively overruled Travelstead
when, in 1991, it amended Article 42.12 to provide for an affirmative finding
of a deadly weapon if “the defendant used or exhibited a deadly weapon or was a
party to the offense and knew that a deadly weapon would be used or exhibited.”  Act of May 25, 1991, 72nd Leg., R.S., ch.
541, 1991 Tex. Gen. Laws 1876.

In light of the 1991 amendment, this Court modified its
holding on the issue.  We held that when
a defendant is convicted as a party, an affirmative finding of a deadly weapon
must be supported either by a specific finding that (1) the defendant himself
used or exhibited a deadly weapon or (2) the defendant knew a deadly weapon
would be used or exhibited in the commission of the offense.  Pritchett v. State, 847 S.W.2d 168,
172–73 (Tex. App.CHouston [14th Dist.] 1994, pet. ref’d); Mulanax v. State,
882 S.W.2d 68, 71 (Tex. App.CHouston [14th Dist.] 1994, no pet.).  Moreover, we held in Tate v. State,
939 S.W.2d 738, 753–54 (Tex. App.CHouston [14th Dist.] 1997, pet. ref’d)
that no “implied finding” of the use or exhibition of a deadly weapon may be made
on the basis of a general verdict.

Our holding in Tate, however, was poorly
reasoned.  There, as here, the defendant
was charged with aggravated robbery by using and exhibiting a deadly weapon,
namely, a firearm.[1]  Likewise, in both cases, the jury found the
defendant guilty “as charged in the indictment.”[2]  Moreover, the State argued in Tate, as
it does here, that by its verdict the jury “necessarily found” the defendant
was either the primary offender or a knowing participant to the offense.  Relying on Polk v. State, 693 S.W.2d
391 (Tex. Crim. App. 1985), we held no such implied finding was possible.  Tate, 939 S.W.2d at 753–54.  Polk, however, supports the State=s contention.








In Polk, the defendant was charged with attempted
murder “by stabbing and cutting” the complainant “with a knife.”  Polk, 693 S.W.2d at 393.  A knife is not a deadly weapon per se (and
the indictment did not allege it to be a deadly weapon), but the State argued
that its deadly character could be implied because it was used in an attempted
murder and, thus, the trial court was authorized to enter an affirmative
finding of a deadly weapon.  The Court of
Criminal Appeals rejected the State’s argument and held that an affirmative
finding of deadly weapon must be supported by an “express,” not an “implied,”
finding.  Id. at 396.  But the Court observed that where an
indictment specifically alleges, as it does here, that the defendant used or
exhibited a deadly weapon in the commission of the offense, and the jury finds
the defendant “guilty as charged in the indictment,” the jury has necessarily
made a de facto finding that the defendant used or exhibited a deadly
weapon in the commission of the offense. 
Id. at 393, 396.  Thus, in
such cases the trial court is authorized to enter an affirmative finding on the
judgment.  Id. at 396 (holding the
trial court may enter an affirmative finding where “the deadly weapon or
firearm has been specifically pled as such (using the nomenclature ‘deadly
weapon’) in the indictment . . . [and] the verdict reads ‘guilty as charged in
the indictment’.”)

Thus, we find by its amendment of Article 42.12, the
Legislature has authorized the entry of an affirmative finding of the use or
exhibition of a deadly weapon even against a defendant who never used or
brandished a deadly weapon during the commission of the offense, so long as he
(1) was a party to an offense where a deadly weapon was used or exhibited and
(2) knew such a weapon would be used or exhibited.  The obvious intent of the statute was to
discourage, by punitive measures, the use of deadly weapons in criminal
activity.








It is conceivable that a deadly weapon could be “used” by a
codefendant in the commission of some offenses without the knowledge, assent,
or approval of an accomplice.  For
example, carrying a concealed weapon during a drug transaction is considered “use”
of  a deadly weapon even if none of the
parties to the transaction are aware of the weapon.  See Patterson v. State, 769 S.W.2d
938, 942 (Tex. Crim. App. 1989) (holding mere possession of a firearm protected
and facilitated defendant’s care, custody, and management of narcotics).  Thus, if two persons are engaged in
possessing, manufacturing, or delivering contraband, and the defendant is
unaware that his partner is carrying a concealed handgun, no deterrent effect
could be achieved by punishing the defendant for his codefendant’s “use” of a
weapon.  In such cases, a specific
finding that the defendant knew a weapon would be used or exhibited is a
prerequisite to an affirmative finding.

However, where the use of a deadly weapon is an element of
the offense, the State automatically carries the burden of proving  the defendant knew a weapon would be used or
exhibited in the commission of the offense. 
In other words, even as a party, a defendant cannot be convicted unless
his participation is accompanied with the intent “to promote or assist the
commission of the offense.”  Tex. Pen. Code Ann. ' 7.02(a)(2) (Vernon 1994) (emphasis
added).  The offense here was aggravated
robbery, and the use of a deadly weapon was alleged in the indictment as an
element of the offense.  Thus, before
jurors were authorized to find appellant guilty, even as a party, they
first had to believe beyond a reasonable doubt that appellant knew a deadly
weapon would be used in the commission of the offense.  See Johnson v. State, 6 S.W.3d 709,
714 (Tex. App.CHouston [1st Dist.] 1990, pet. ref’d).  By its verdict, the jury necessarily made the
factual finding to support the entry of an affirmative finding of the use or
exhibition of a deadly weapon upon the judgment.




To the extent that Pritchett, Mulanax, and Tate conflict
with this opinion, they are overruled. 
The judgment of the trial court is affirmed.

 

 

 

/s/        J. Harvey Hudson

Justice

 

 

Opinion on State’s Motion for En Banc Reconsideration
filed November 14, 2002.

En Banc.

 

Publish C Tex.
R. App. P. 47.3(b).











[1]  Here,
appellant=s indictment alleges, in pertinent part, that he:

. . . did
then and there unlawfully, while in the course of committing theft of property
owned by PEDRO NISTAL and with intent to obtain and maintain control of the
property, intentionally and knowingly threaten and place PEDRO NISTAL in fear
of imminent bodily injury and death, and the Defendant did then and there use
and exhibit a deadly weapon, to-wit:  A
FIREARM.





[2]  Here, the jury=s verdict states:

We the Jury, find the defendant, Francisco Javier Sarmiento, guilty of
aggravated robbery, as charged in the indictment.