IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00045-CR

 

Avery J. Smith,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court # 2004-410-C

 



MEMORANDUM 
Opinion



 

Avery J. Smith appeals from his plea-bargained
conviction of aggravated robbery.  The
trial court’s certification regarding Smith’s right of appeal and documents
contained within the clerk’s record affirmatively show that Smith has no right
to appeal, and he waived his right of appeal. 
His signed waiver states “I desire to WAIVE each and all of my rights to
Appeal, including the filing a Motion for New Trial, requesting permission to
appeal, appealing matters raised by written motion prior to trial, giving
Notice of Appeal, appealing the Judgment, Sentence or Order of the Court, and a
free record, transcript and attorney on appeal.”  Thus, Smith has no right to appeal.

The appeal is dismissed.  See
Tex. R. App. P. 25.2(d); High v. State, 115 S.W.3d 581, 582 (Tex.
App.—Waco 2003, pet. ref’d).

 

                                                                             PER
CURIAM

 

Before Chief Justice Gray,

Justice Vance, and

Justice Reyna

Appeal dismissed

Opinion delivered and filed March
 9, 2005

Do not publish 

[CR25]








 






="text-align: justify; line-height: 0.388889in">      The testimony of accomplice Hill is sufficiently corroborated through the testimony of the
non-accomplice witnesses who identified Appellant. Appellant exited the stolen van when it
returned to the apartment complex, he ran and was captured by Officer Cosby.
      Applying the Jackson test, the evidence is sufficient to support the conviction.
      Points one and two are overruled.
      Point three: "The judgment should be reformed to delete the affirmative finding of a deadly
weapon as there is no evidence that Appellant personally used a deadly weapon."
      Where the State relies on the law of parties, no affirmative finding of a deadly weapon is
permissible unless the accused personally used or exhibited a deadly weapon. Travelstead v.
State, 693 S.W.2d 400, 402 (Tex. Crim. App. 1985). No witness testified that Appellant
personally used or exhibited a deadly weapon. The State concedes that this point should be
sustained.
      Point three is sustained. The judgment is reformed to delete the deadly weapon finding.
      Reformed and affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Reformed and affirmed
Opinion delivered and filed June 21, 1995
Do not publish