TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-04-00129-CR




Billy Charles Warren, Appellant

v.

The State of Texas, Appellee





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
NO. 3030385, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N
 
A jury found appellant Billy Charles Warren guilty of aggravated assault and assessed
a thirteen-year prison term. See Tex. Pen. Code Ann. § 22.02 (West Supp. 2004-05). In his sole
point of error, appellant urges that the district court erred by including in the judgment of conviction
a finding that appellant used or exhibited a firearm during the commission of the offense. We will
sustain this contention, modify the judgment to delete the affirmative finding, and affirm the
judgment as modified.
Gerald VanBrakle accosted Johnnie Weston outside a neighborhood grocery store and
demanded that Weston pay him a sum of money he claimed to be owed. When Weston denied
owing VanBrakle any money, VanBrakle produced a pistol. Weston seized the barrel of the pistol
and the two men began to struggle. VanBrakle asked for help from appellant, who was standing
nearby. Appellant picked up a stick and began to hit Weston, who released his grip on the pistol. 
VanBrakle shot Weston, then he and appellant walked away.
The indictment alleged that appellant “did then and there intentionally, knowingly and
recklessly cause serious bodily injury to Johnnie Weston by shooting Johnnie Weston, [a]nd . . .
[appellant] used and exhibited a deadly weapon, to-wit: a firearm, during the commission of and
immediate flight from said offense.” In its charge at the guilt-innocence stage, the trial court
instructed the jury on the law of parties and authorized appellant’s conviction for aggravated assault
if the jury found that:
 
Gerald VanBrakle . . . did then and there intentionally, knowingly or recklessly cause
serious bodily injury to Johnnie Weston by shooting Johnnie Weston, and you further
find that Gerald VanBrakle used or exhibited a deadly weapon, to-wit: a firearm,
during the commission of or immediate flight from said offense, and you further find
beyond a reasonable doubt that the defendant, Billy Charles Warren, acting with the
intent to promote or assist the said Gerald VanBrakle in the commission of the
offense, and [sic] Billy Charles Warren solicited, encouraged, directed, aided, or
attempted to aid the said Gerald VanBrakle in committing the said offense, by hitting
the said Johnnie Weston about the legs with a stick.
 
 
The jury’s verdict recited that appellant was guilty of aggravated assault “as alleged in the
indictment.” The court did not submit a special deadly weapon issue to the jury at either stage of the
trial. See Travelstead v. State, 693 S.W.2d 400, 402 (Tex. Crim. App. 1985) (special issue is
preferred procedure when jury is trier of fact).
When affirmative findings are made that a firearm or other deadly weapon was used
or exhibited during the commission of a felony offense, and the defendant either personally used or
exhibited the weapon or was a party to the offense and knew that a deadly weapon would be used
or exhibited, the trial court is required to so state in its judgment. Tex. Code Crim. Proc. Ann. art.
42.12, § 3g(a)(2) (West Supp. 2004-05). When a jury is the trier of fact at both stages of trial, the
jury must make the affirmative findings. Barecky v. State, 639 S.W.2d 943, 945 (Tex. Crim. App.
1982).
Although the indictment alleged that appellant used a firearm during the commission
of the aggravated assault, and the jury found appellant guilty of aggravated assault “as alleged in the
indictment,” the jury’s verdict did not constitute an affirmative finding that appellant personally used
or exhibited a firearm because the court’s charge authorized appellant’s conviction solely as a party
to VanBrakle’s criminal conduct. Compare Reyes v. State, 741 S.W.2d 414, 432-33 (Tex. Crim.
App. 1987), with Polk v. State, 693 S.W.2d 391, 396 (Tex. Crim. App. 1985). The jury’s verdict
also did not constitute an affirmative finding that appellant was a party to VanBrakle’s use of a
firearm within the meaning of article 42.12, section 3g(a)(2) because the court’s charge did not
require the jury to find that appellant knew that a deadly weapon would be used or exhibited during
the offense. Howard v. State, 966 S.W.2d 821, 829 (Tex. App.—Austin 1998, pet. ref’d); see Barnes
v. State, 62 S.W.3d 288, 303-04 (Tex. App.—Austin 2001, pet. ref’d).
The State argues that an affirmative finding was implicit in the jury’s verdict of guilt
because appellant could not have acted with the intent to assist VanBrakle’s assault on Weston with
a firearm without knowing that a firearm would be used. Such an implied finding, however, does
not constitute the express affirmative finding required by the statute. Howard, 966 S.W.2d at 829;
see Polk, 693 S.W.2d at 396.
The State further argues that appellant failed to preserve this issue for appeal because
he did not object to the court’s charge at either stage of trial. But appellant is not complaining of
charge error. Instead, he correctly asserts that the jury did not make the affirmative finding recited
in the judgment. We decline to hold that a defendant must ask for the submission of a deadly
weapon issue in order to urge on appeal that an affirmative finding was not made.
The district court’s judgment is modified to delete the affirmative finding that
appellant used and exhibited a firearm during the commission of the offense. As modified, the
judgment is affirmed.
 
 
                                                __________________________________________
                                                David Puryear, Justice
Before Chief Justice Law, Justices B. A. Smith and Puryear
Modified and, as Modified, Affirmed
Filed: June 16, 2005
Do Not Publish