# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00129-CR

**Billy Charles Warren, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT NO. 3030385, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Billy Charles Warren guilty of aggravated assault and assessed a thirteen-year prison term. *See* Tex. Pen. Code Ann. § 22.02 (West Supp. 2004-05). In his sole point of error, appellant urges that the district court erred by including in the judgment of conviction a finding that appellant used or exhibited a firearm during the commission of the offense. We will sustain this contention, modify the judgment to delete the affirmative finding, and affirm the judgment as modified.

Gerald VanBrakle accosted Johnnie Weston outside a neighborhood grocery store and demanded that Weston pay him a sum of money he claimed to be owed. When Weston denied owing VanBrakle any money, VanBrakle produced a pistol. Weston seized the barrel of the pistol and the two men began to struggle. VanBrakle asked for help from appellant, who was standing

nearby. Appellant picked up a stick and began to hit Weston, who released his grip on the pistol. VanBrakle shot Weston, then he and appellant walked away.

The indictment alleged that appellant "did then and there intentionally, knowingly and recklessly cause serious bodily injury to Johnnie Weston by shooting Johnnie Weston, [a]nd . . . [appellant] used and exhibited a deadly weapon, to-wit: a firearm, during the commission of and immediate flight from said offense." In its charge at the guilt-innocence stage, the trial court instructed the jury on the law of parties and authorized appellant's conviction for aggravated assault if the jury found that:

> Gerald VanBrakle . . . did then and there intentionally, knowingly or recklessly cause serious bodily injury to Johnnie Weston by shooting Johnnie Weston, and you further find that Gerald VanBrakle used or exhibited a deadly weapon, to-wit: a firearm, during the commission of or immediate flight from said offense, and you further find beyond a reasonable doubt that the defendant, Billy Charles Warren, acting with the intent to promote or assist the said Gerald VanBrakle in the commission of the offense, and [sic] Billy Charles Warren solicited, encouraged, directed, aided, or attempted to aid the said Gerald VanBrakle in committing the said offense, by hitting the said Johnnie Weston about the legs with a stick.

The jury's verdict recited that appellant was guilty of aggravated assault "as alleged in the indictment." The court did not submit a special deadly weapon issue to the jury at either stage of the trial. *See Travelstead v. State*, 693 S.W.2d 400, 402 (Tex. Crim. App. 1985) (special issue is preferred procedure when jury is trier of fact).

When affirmative findings are made that a firearm or other deadly weapon was used or exhibited during the commission of a felony offense, and the defendant either personally used or exhibited the weapon or was a party to the offense and knew that a deadly weapon would be used

2

or exhibited, the trial court is required to so state in its judgment. Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (West Supp. 2004-05). When a jury is the trier of fact at both stages of trial, the jury must make the affirmative findings. *Barecky v. State*, 639 S.W.2d 943, 945 (Tex. Crim. App. 1982).

Although the indictment alleged that appellant used a firearm during the commission of the aggravated assault, and the jury found appellant guilty of aggravated assault "as alleged in the indictment," the jury's verdict did not constitute an affirmative finding that appellant personally used or exhibited a firearm because the court's charge authorized appellant's conviction solely as a party to VanBrakle's criminal conduct. *Compare Reyes v. State*, 741 S.W.2d 414, 432-33 (Tex. Crim. App. 1987), *with Polk v. State*, 693 S.W.2d 391, 396 (Tex. Crim. App. 1985). The jury's verdict also did not constitute an affirmative finding that appellant was a party to VanBrakle's use of a firearm within the meaning of article 42.12, section 3g(a)(2) because the court's charge did not require the jury to find that appellant knew that a deadly weapon would be used or exhibited during the offense. *Howard v. State*, 966 S.W.2d 821, 829 (Tex. App.—Austin 1998, pet. ref'd); *see Barnes v. State*, 62 S.W.3d 288, 303-04 (Tex. App.—Austin 2001, pet. ref'd).

The State argues that an affirmative finding was implicit in the jury's verdict of guilt because appellant could not have acted with the intent to assist VanBrakle's assault on Weston with a firearm without knowing that a firearm would be used. Such an implied finding, however, does not constitute the express affirmative finding required by the statute. *Howard*, 966 S.W.2d at 829; *see Polk*, 693 S.W.2d at 396.

3

The State further argues that appellant failed to preserve this issue for appeal because he did not object to the court's charge at either stage of trial. But appellant is not complaining of charge error. Instead, he correctly asserts that the jury did not make the affirmative finding recited in the judgment. We decline to hold that a defendant must ask for the submission of a deadly weapon issue in order to urge on appeal that an affirmative finding was not made.

The district court's judgment is modified to delete the affirmative finding that appellant used and exhibited a firearm during the commission of the offense. As modified, the judgment is affirmed.

_____

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Modified and, as Modified, Affirmed

Filed:   June 16, 2005

Do Not Publish

4