ACCEPTED
14-15-00057-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
5/12/2015 2:53:09 PM
CHRISTOPHER PRINE
CLERK

## NO. 14-15-00057-cr

## IN THE FOURTEENTH COURT OF APPEALS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
5/12/2015 2:53:09 PM
CHRISTOPHER A. PRINE
Clerk

## AT HOUSTON, TEXAS

## ROBERT EUGENE PRYOR

## APPELLANT

## V.

## THE STATE OF TEXAS

## APPELLEE

On appeal from the 405th Judicial District Court

Galveston County, Texas
Hon. Michelle Slaughter, Presiding

Trial Cause No. 13CR1914

## APPELLANT'S ORIGINAL BRIEF

JAMES DUCOTE
Texas Bar No. 06145500
3027 Marina Bay Drive, Suite 110
League City, Texas 77573
Phone: (281) 624-6224
Facsimile: (832) 553-7355
e-mail: james@ducotelawfirm.com
Attorney for Appellant

1

# NO. 14-15-00057-CR

# ROBERT EUGENE PRYOR

# APPELLANT

# V.

# THE STATE OF TEXAS

# APPELLEE

---

## IDENTITY OF PARTIES AND COUNSEL

---

Appellant certifies that the following is a complete list of the parties, attorneys, and any other person who has an interest in the outcome of this lawsuit.

Appellant

Robert Eugene Pryor

Appellee

The State of Texas

Counsel for Appellee

Jack Roady
Galveston County Criminal District Attorney
600 59th Street, First Floor
Galveston, Texas 77551
Attorney for the State of Texas

JAMES DUCOTE
Counsel for Appellant

# TABLE OF CONTENTS

Identity of Parties and Counsel                    Page  2, 3

Index of Authorities                                     5

Statement of the Case                                    6

Issues Presented                                         7

Statement of the Facts                                 8-10

Summary of the Arguments                                11

Argument                                              12-18

In its Judgment Adjudicating Guilt, the 405th Judicial District Court should have entered explicitly that there had been no affirmative finding of a deadly weapon in Appellant's case, rather than the entry of "N/A in the Judgment.

Certificate of Service                                  20

Certificate of Compliance with TRAP 9.4                 21

# INDEX OF AUTHORITIES

## CASES

*Kinkade v. State*, 184 S.W. 3d 929 at 930 (Tex. App.-Waco 2006, no pet.).          13

*Ex Parte Brooks*, 722 S.W. 2d 140 (Court of Crim. App. December 1986)          13

*Fann v. State*, 702 S.W. 2d 602 (Tex. Crim. App. 1986)          13

*Polk v. State*, 693 S.W. 2d 391 (Tex. Crim. App. 1985)          13

*Travelstead v. State*, 693 S.W. 2d 400, 402 (Tex. Crim. App. 1985)          16, 17

*Asberry v. State*, 813 S.W. 2d 526 at 531 (Tex. App.-Dallas 1991, pet. Ref'd.)          17

*Ex Parte Thomas*, 638 S.W. 2d 905, 907 (Tex. Crim. App. 1984)          17

*Guerrero v. State*, 299 S.W. 3d 48          17

## RULES

Article 42.12, Sec. 3f (a)92), V.A.C.C.P.          12

## STATUTES

V.T.C.A. Penal Code Sec. 29.03          6, 8

# STATEMENT OF THE CASE

Robert Eugene Pryor, Appellant pled guilty of the crime of Aggravated Robbery, as defined by V.T.C.A. Penal Code Sec. 29.03 in the 405th Judicial District Court of Galveston County, Texas. The trial Court deferred entry of an adjudication of guilt, and sentenced Appellant to five years community supervision. After contested hearing on the State's Amended Motion to Adjudicate Guilt – Revoke Community Supervision, and entered a Judgment Adjudicating Guilt in which an entry of "N/A" was made below the heading of "Findings on Deadly Weapon". Appellant now appeals his conviction and sentencing for the offense.

## ISSUES PRESENTED FOR REVIEW

In its Judgment Adjudicating Guilt, the 405th Judicial District Court should have entered explicitly that there had been no affirmative finding of a deadly weapon in Appellant's case, rather than the entry of "N/A" in the Judgment.

## STATEMENT OF THE FACTS

On November 5, 2013, Appellant pled guilty to the offense of Aggravated Robbery as defined in V.T.C.A. Penal Code Sec. 29.03. The trial court deferred entering an adjudication of guilt, and sentenced Appellant to 5 ears community supervision. On March 25, 2014 the State of Texas by and through her Criminal District Attorney a Motion to Adjudicate Guilt-Revoke Community Supervision, a copy of which is attached as Exhibit "A", alleging that Appellant had violated certain conditions of his community supervision order, to wit:

"1a. On or about the 24th day of January, 2014, in Galveston County, Texas, said Defendant, Robert Eugene Pryor, did then and there commit the offense of Engaging in Organized Criminal Activity; and

1b. On or about the 24th day of January, 2014, in Galveston County, Texas, said Defendant, Robert Eugene Pryor, did then and there, commit the offense of Possession of a Controlled Substance; and

12. Said Defendant did fail to pay his Community Supervision Fee as ordered and is currently $180.00 in arrears; and

13. Said Defendant did fail to pay the Costs of Court as ordered and is currently $30.00 in arrears; and

16. Said Defendant did fail to pay the reimbursement to Galveston County for compensation of appointed counsel as ordered and is currently $30.00 in arrears; and

16A. Said Defendant did fail to pay Crime Stoppers Program payment as ordered and is currently $25.00 in arrears; and

19. Said Defendant did fail to pay $10.00 to reimburse for the costs of drug/alcohol screening; and

40. Said Defendant was in possession of a machete."

On October 20, 2014 the State of Texas by and through her Criminal District Attorney a Second Amended Motion to Adjudicate Guilt-Revoke Community Supervision, a copy of which is attached as Exhibit "B", changing item 1a. of its first motion to read:

"1a. On or about the 24th day of January, 2014, in Brazoria County, Texas, said Defendant, Robert Eugene Pryor, did then and there commit the offense of Theft of Property >=$50.00<$500.00; and".

On December 15, 2014 contested hearing was had on the State's amended motion. Appellant entered pleas of "True" to all of the State's allegations, except 1b and 40, to which he entered pleas of "false" and "not true" respectively. After hearing the Trial Court found true all of the State's allegations , except allegations 1b and 40, which it found to be

9

not true. Correlatively, the Court found that because of his incarceration in the Brazoria County Jail, Appellant didn't have the ability to pay the fees cited in the State's motions (Alleged violations Nos. 12, 13, 16, 16A and 19).

The Court sentenced Appellant to serve eighteen years in the Institutional Division of the Texas Department of Criminal Justice.

## SUMMARY OF THE ARGUMENTS

In its Judgment Adjudicating Guilt, the 405th Judicial District Court should have entered explicitly that there had been no affirmative finding of a deadly weapon in Appellant's case, rather than the entry of "N/A" in the Judgment.

## FIRST ARGUMENT

## THE TRIAL COURT SHOULD HAVE EXPLICITLY ENTERED THAT THERE HAD BEEN NO FINDING OF A DEADLY WEAPON IN THE JUDGMENT ADJUDICATING GUILT

An integral and indispensible part of the Texas Parole scheme is the possibility of parole for a person convicted of most felony crimes. The operation, timing and possibility of parole depends on the offense for which the inmate was convicted, the sentence which was imposed, and upon the behavior of the inmate while in prison. For the offense of aggravated robbery the availability of parole and the portion of the sentence which must be served before an inmate becomes eligible for parole depends upon whether the convicted inmate "used or exhibited a deadly weapon during the commission of a felony offense or during immediate flight therefrom". Article 42.12, Sec. 3f (a)92), V.A.C.C.P.

The major, if not the sole, mechanism for transmitting this information to the Texas Board of Pardons and Parole is contained within the Judgment (In Appellant's case since this was a hearing on the State's Motion to Adjudicate Guilt-Revoke Community Supervision and the State's Second Amended Motion to Adjudicate Guilt-Revoke Community in which Appellant was adjudicated guilty this information

was transmitted in the Order of Deferred Adjudication and the Judgment Adjudicating Guilt). This document should convey to the Institutional Division whether there was an affirmative finding of a deadly weapon.

There are numerous cases defining and requiring the explicitness of a finding of a deadly weapon.

"The purpose of the deadly weapon finding is to assist in calculating a prisoner's parole eligibility date." *Kinkade v. State*, 184 S.W. 3d 929 at 930 (Tex. App.-Waco 2006, no pet.).

In **Brooks**, *Ex Parte Brooks*, 722 S.W. 2d 140 (Court of Crim. App. December 1986), **the court cited** *Fann v. State*, 702 S.W. 2d 602 (Tex. Crim. App. 1986) **as stating that the trial court had the authority to make an affirmative finding of a deadly weapon when the court is the trier of the facts in the punishment phase, and cites** *Polk v. State*, 693 S.W. 2d 391 (Tex. Crim. App. 1985) **as delineating the proper methods of making an affirmative finding.**

**Polk** requires that when a jury is the trier of facts the Court may not properly enter a finding that it has made an affirmative finding of a deadly weapon during the commission of the offense unless:

1.      The indictment by allegation specifically places the issue before the trier of fact; or

2.      The matter of a deadly weapon arises as a matter of law (i.e., a pistol is a deadly weapon as a matter per se); or

3.      The trier of fact is presented with and responds in the affirmative to a special issue regarding the defendant's use or exhibition of a deadly weapon or firearm during the commission of the offense.

It appears from the record that the trial court intended that there be no affirmative finding of a deadly weapon.

Appellant's counsel made the following inquiry;

"MR. SAENZ:  To be clear Judge, since the original judgment does not reflect finding of a weapon, the current judgment does not reflect that?" (R.R. Vol. 1. P. 110)

To which there was the response:

THE COURT:  "It does not.

MR. SAENZ:  Okay.

THE COURT:  Yes. Mr. Henderson changed that. So there's a --it's an N/A finding on the deadly weapon, which was how it was

14

reflected in the previous order of deferred adjudication." (R.R. Vol. 1, p. 110)

However, there was some discussion by the trial court as to the effect that entry of "N/A" would have on the time that Appellant would serve on his sentence before he became eligible for parole. The Court in its sentencing address to Appellant said:

THE COURT: "All right . Then I'm going to sign the judgment. All right. And, Mr. Pryor, previously we mentioned that you may only need to serve a quarter of the time; but that's actually unclear because there was no – in the underlying paperwork there was no appropriate affirmative finding of a deadly weapon on that; and, therefore, this judgment adjudicating guilt does not have a finding of a deadly weapon. So there's a debate as to whether or not that means you'll be eligible for parole after a quarter of the time based on good-conduct time or whether or not you'll have to serve half the time before you would be eligible." (R.R. Vol. 1, pp. 109, 110)

The statute does not require any specific wording or terminology when making a finding that a deadly weapon was used. *Travelstead v. State*, 693 S.W. 2d 400, 402 (Tex. Crim. App. 1985).

Appellant is not contending that the trial court did not have the authority to make an affirmative finding of a deadly weapon, nor that the trial court made an improper finding that no deadly weapon was used in the offense for which he was adjudicated guilty. Rather, Appellant contends that the entry of "N/A" in the area of the Judgment Adjudicating Guilt captioned "Findings on Deadly Weapon" will be confusing to the Institutional Division of the Texas Department of Criminal Justice or the Parole Board in their determination of the timing for Appellant's eligibility for parole. It will leave them in doubt as to whether there was no affirmative finding of a deadly weapon in Appellant's case.

If the trial court had entered "yes" or any positive indicator as to whether the court had made an affirmative finding, or if it had entered "no" or any negative indicator, parole authorities would be able to determine how to process Appellant insofar as the timing of his eligibility for parole is concerned. The Institutional Division of the Texas Department of Criminal Justice or the Parole Board or the Parole

Board should not have to guess what the trial court meant by its entry of "N/A".

The trial court should be ordered to reform the judgment to conform with its decision at the time of the hearing.

In *Asberry v. State*, 813 S.W. 2d 526 at 531 (Tex. App.-Dallas 1991, pet. Ref'd.) the court stated, citing *Ex Parte Thomas*, 638 S.W. 2d 905, 907 (Tex. Crim. App. 1984) the trier of fact is responsible for making the affirmative finding concerning the use or exhibition of a deadly weapon. Citing *Adams v. State*, 685 S.W. 2d 661, 671 (Tex. Crim. App. 1985) "If the jury was the trier of facts the affirmative finding must be made by the jury."

In Asberry Court further held that an appellate court had the authority to reform a judgment to include an affirmative finding to make the record speak the truth when the matter is called to attention by any source. Appellate courts may reform may judgment deleting an affirmative finding when it has been improperly entered. *Travelstead v. State*, 693 S.W. 2d 400, 402 (Tex. Crim. App. 1985.

In *Guerrero v. State*, 299 S.W. 3d 487, a case in which the trial court initially deferred adjudication and placed the defendant on

community supervision, the Court stated "From this, one could reasonably deduce that it initially intended to withhold entry of an affirmative finding relating to the use of a deadly weapon. And it had the discretion to retain such intent while assessing punishment after adjudicating him guilty of the crime. So, the trial court's inscribing "N/A" in the judgment under the label "Findings on Deadly Weapon" may not have been a mere clerical error, as suggested by the State. It may well have been the exercise of a legitimate judicial discretion, which, in turn, prevents us from modifying the document to include a deadly weapon finding."

Because the entry by the trial court of "N/A" in the judgment may have been the exercise of legitimate judicial discretion of the court, the appellate route is the only path presently available to Appellant.

The trial court should be ordered to reform the judgment to conform with its decision at the time of the hearing.

Appellant requests this Court order the reformation of the Judgment Adjudicating Guilt in this case to explicitly state that no deadly was used or involved in this offense, eliminating the term "N/A" from the judgment.

## PRAYER

The 405th Judicial District Court committed error when it failed to explicitly enter into its judgment that there had been no finding of a deadly weapon in Appellant's case.

For these reasons and for the arguments contained herein, Appellant prays that, upon review and hearing hereof, this Court will remand this case and require that the Trial Court explicitly enter into the Judgment Adjudicating Guilt that there was no finding of a deadly weapon, and delete the entry of "N/A" presently appearing in the Judgment, and for all such other and further relief at law and in equity, to which Appellant may show himself justly entitled.

Respectfully submitted,

JAMES DuCOTE
3027 Marina Bay Drive, Suite 110
League City, Texas 77573
281.624.6224 phone
832.553.7355 facsimile
e-mail: james@ducotelawfirm.com
State Bar No. 06145500
Attorney for ROBERT EUGENE PRYOR

## CERTIFICATE OF SERVICE

I certify that on May 13, 2015, a true and correct copy of foregoing *Appellant's Brief* was sent to the following counsel of record in accordance with the Texas Rules of Civil Procedure.

JAMES DuCOTE

Jack Roady
Galveston County Criminal District Attorney
600 59th Street, First Floor
Galveston, Texas 77551
Attorney for the State of Texas

## CERTIFICATE OF COMPLIANCE WITH TRAP 9.4

I certify that the length of this *Appellant's Appeal* was computed on a 2010 MacBook Pro using Microsoft Word 2013 which was instructed to include all portions of this document not excluded by TRAP 9.4 (TRAP 9.4 (i)(1) and (3). The word count so computed is 2,631. The font used in the motion is no smaller that 14 point, except for footnotes, which are no smaller than 12 point.

_____
JAMES DuCOTE



2013 NOV -5 AM 10: 09

| THE STATE OF TEXAS | § | IN THE 405TH JUDICIAL |
| | § | |
| V. | § | DISTRICT COURT OF |
| | § | |
| ROBERT EUGENE PRYOR | § | GALVESTON COUNTY, TEXAS |
| STATE ID NO.: TX50326688 | § | |

# ORDER OF DEFERRED ADJUDICATION

| Judge Presiding: | HON. Michelle Slaughter | Date Order Entered: | NOVEMBER 5, 2013 |
|---|---|---|---|
| Attorney for State: | GINA GILMORE | Attorney for Defendant: | LYNETTE BRIGGS |

Offense:
**AGGRAVATED ROBBERY**

| Charging Instrument: | Statute for Offense: |
|---|---|
| **INDICTMENT** | **29.03 Penal Code** |

Date of Offense:
JULY 11, 2013

| Degree of Offense: | Plea to Offense: | Findings on Deadly Weapon: |
|---|---|---|
| **1ST DEGREE FELONY** | **GUILTY** | **N/A** |

Terms of Plea Bargain:
**FIVE (5) YEARS DEFERRED COMMUNITY SUPERVISION**

| Plea to 1st Enhancement Paragraph: | N/A | Plea to 2nd Enhancement/Habitual Paragraph: | N/A |
|---|---|---|---|
| Findings on 1st Enhancement Paragraph: | N/A | Findings on 2nd Enhancement/Habitual Paragraph: | N/A |

## ADJUDICATION OF GUILT DEFERRED;
### DEFENDANT PLACED ON COMMUNITY SUPERVISION.

**PERIOD OF COMMUNITY SUPERVISION: FIVE (5) YEARS**

| Fine: | Court Costs: | Attorney Fees: |
|---|---|---|
| $ | $241.00 | $ 342.00 |

| Restitution: | Restitution Payable to: |
|---|---|
| $ | ☐ VICTIM (see below) ☐ AGENCY/AGENT (see below) |

**Sex Offender Registration Requirements do not apply to the Defendant.** TEX. CODE CRIM. PROC. chapter 62

The age of the victim at the time of the offense was _____ .

13−CR−1914
DCJUDG
Judgment
744430

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

| Time Credited: | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. |
| --- | --- |
| | From _____ to _____ From _____ to _____ From _____ to _____ |
| | From _____ to _____ From _____ to _____ From _____ to _____ |
| | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. |
| | **DAYS   NOTES: TOWARD INCARCERATION** |

**All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.**

This cause was called for trial in **Galveston County, Texas.** The State appeared by her Criminal District Attorney as named above.

### Counsel / Waiver of Counsel (select one)

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

Both parties announced ready for trial. Defendant waived the right of trial by jury and entered a plea as indicated above. The Court admonished the Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court FINDS such evidence substantiates Defendant's guilt. The Court FINDS that, in this cause, it is in the best interest of society and Defendant to defer proceedings without entering an adjudication of guilt and to place Defendant on community supervision.

The Court FINDS the Pre-sentence Investigation, if so ordered, was done according to the applicable provisions of *Tex. Code Crim. Proc. art. 42.12 § 9.*

The Court ORDERS that Defendant is given credit noted above for the time spent incarcerated. The Court ORDERS Defendant to pay all fines, court costs, and restitution as indicated above.

The Court ORDERS that no judgment shall be entered at this time. The Court further ORDERS that Defendant be placed on community supervision for the adjudged period so long as Defendant abides by and does not violate the terms and conditions of community supervision. See *Tex. Code Crim. Proc. art. 42.12 § 5(a).*

1.  Commit no offense against the laws of the State of Texas or of any other State, the United States or any governmental entity;
2.  Avoid injurious or vicious habits;
3.  Avoid persons or places of disreputable or harmful character; and specifically avoid association with any person previously convicted of a crime, or presence at any location where a criminal act is being committed;

4. Report in person to the Supervision Officer, at least once each month as directed by the Supervision Officer and obey all rules and regulations of the G.C.C.S.C.D.;

5. Permit the Supervision Officer to visit at his/her home or elsewhere without restriction;

6. If you are currently working, continue to work at such employment as long as possible and if unemployed, serious attempts must be made to find employment and proof of such attempts must be shown to the Supervision Officer at each reporting session;

7. Remain in the following location: Galveston County, Texas unless obtaining permission to leave from this Court;

8. Support all dependents he/she may have or acquire during the term of Community Supervision;

9. Report within forty-eight (48) hours to the Supervision Officer any change of address, employment, or marital status; any arrests and all sources and amounts of income or money received;

10. Abstain from the use or possession of any drugs, except those taken or possessed under doctors orders;

11. Never become intoxicated;

12. Pay to the G.C.C.S.C.D. $ **60.00** per month as a Community Supervision fee;

13. **Pay to the Department of Court Services $ 241.00 in Court Costs. Such costs shall be paid (by ____) (in installments of $ 10.00 per month paid each month);**

14. Pay to the Department of Court Services a fine of $ ____. Such fine shall be paid (by ____) (in installments of $ ____ per month paid each month);

15. ☐ Pay to the Department of Court Services $ ____ as restitution to the victim. Such restitution shall be paid (by ____) (in installments of $ ____ per month paid each month);

16. ☒ Pay to the Department of Court Services $ 342.00 to reimburse the County for attorney fees for Court appointed attorney. Such fees shall be paid (by ____) (in installments of $ 10.00 per month paid each month);

16A. ☒ Pay to the Department of Court Services $ **25.00** as a Crime Stoppers Program payment to **La Marque Crime Stoppers or Galveston Crime Stoppers**. Such payment shall be paid (by **01/05/14**) (in installments of $ ____ per month paid each month;

16B. ☐ Pay to Department of Court Services $ ____ as repayment of a ____ Crime Stoppers Program award that was distributed in this case. Such payment shall be paid (by ____) (in installments of $ ____ per month paid each month). Payment should be forwarded to the above program at: ____ ;

16C. ☐ Pay to the Department of Court Services $ ____ to reimburse the County for extradition costs. Such costs shall be paid (by ____) (in installments of $ ____ per month paid each month);

17. ☐ Pay to the Department of Court Services $ **5.00** per month as a fee to the Sexual Assault Program Fund pursuant to Article 42.12, Section 19 (e) of the Texas Code of Criminal Procedure;

18. ☐ Pay to the Department of Court Services $ **100.00** as a payment to the **Resource & Crisis Center of Galveston County, Inc.** of Galveston County, Texas, pursuant to *Article 42.12, Sec. 11 (h) C.C.P.* Such payment shall be paid in full within **sixty** (60) days from the date of this judgment;

19. ☒ Participate in a drug screening program designed to detect controlled substances as directed by the G.C.C.S.C.D., Defendant agrees to refrain from breaking any Texas drug laws and realizes that failure to get a clean report from such drug screening may alone be sufficient to revoke his/her Community Supervision. **Pay to G.C.C.S.C.D. the sum of $10.00 per substance abuse test to reimburse for the cost of drug/alcohol screening. Payment will be assessed at the time of each test;**

20A. ☐ Participate in the Intensive Supervision Program administered through the G.C.C.S.C.D. and report to the Supervision Officer at least once per week or as directed by the Supervision Officer, for a period of one year;

20B. ☐ Participate in the Specialized Substance Abuse Supervision Program administered through the G.C.C.S.C.D. and report to the Supervision Officer at least once a week or as directed by the Supervision Officer for a period of one year;

The Defendant shall participate in a substance abuse evaluation and furnish proof to the Supervision Officer of such appointment and a written report with the findings and recommended treatment shall be furnished to the Supervision Officer. The Defendant will maintain the outpatient treatment suggested until finally released by the treatment agency or Court and proof of release furnished to the Supervision Officer in writing;

21. ☐ Not operate a motor vehicle unless the vehicle is equipped with a devise that uses a deep lung breath analysis mechanism to make impractical the operation of the motor vehicle if ethyl alcohol is detected in the breath of the operator;

22. ☒ Abstain from the use of alcohol in any form at any time and do not enter any bar, tavern, lounge or other similar place;

23. ☐ Observe a curfew and be home each night before _____ a.m.. unless a later time is approved in advance by the Community Supervision Office and the Court;

24. ☐ Not operate a motor vehicle on a public road;

25A. ☐ Serve _____ (    ) day(s) in the **Galveston County Jail**; credit allowed for _____ (    ) day(s) served;

25B. ☐ Serve _____ (    ) day(s) on consecutive weekends in the **Galveston County Jail**, beginning Friday _____; Report before 7:00 p.m.; Release at 12:01 a.m. each following Monday; credit allowed for _____ (    ) day(s) served;

25C. ☐ Serve _____ (    ) **consecutive** day(s) in the **Galveston County Jail**; Credit allowed for _____ (    ) day(s) served;

25D. ☐ Serve _____ (    ) day(s) in the **Galveston County Jail**. Jail time shall be served on **weekends commencing** at _____ p.m., **Friday,** _____. Defendant shall not be released from weekend service until 5:00 p.m. on the Sunday of each weekend served;

25E. ☐ Serve _____ (    ) day(s) in the **Galveston County Jail**. Jail time shall be served on weekends **commencing** at 8:00 a.m. on **Saturday,** _____. Defendant shall be released from weekend service at 5:00 p.m. on each Saturday and Sunday of service;

25F. ☐ Serve a term of confinement in a **State Jail Felony Facility** for a period of _____ (    ) day(s); said term to begin on _____/begin upon admission of the Defendant into the facility and obey all rules and regulations, **and participate in the rehabilitative programs** of said facility until discharged from the facility;

26. ☒ Perform **320 hour(s)** of Community Service work as approved by the Court. Said hours shall be completed at a rate of no less than sixteen (16) hours per month until completed;

27A. ☒ Demonstrate to the G.C.C.S.C.D. that Defendant has attained an education skill level that is equal to or greater that the average skill level of students who have completed the sixth grade in public schools in this State;

27B. ☒ Attain the educational skill level set forth in 27A above;

28. ☐ Attend and successfully complete a program designed to educate persons on the dangers of drug abuse pursuant to V.T.C.A. Transportation Code, Section 521.374;

29. ☐ Attend counseling sessions for substance abusers; participate in substance abuse treatment services in a program or facility approved or licensed by the Texas Commission on Alcohol and Drug Abuse. The Defendant shall remain in therapy until released by the Substance Abuse Treatment Program and proof of release shall be furnished to the Supervision Officer in writing;

30. ☐ Attend weekly meetings of Alcoholics/Narcotics Anonymous and furnish proof of attendance to the Supervision Officer. The Defendant shall attend A.A./N.A. meetings until released by the Supervision Officer;

31. ☐ The Defendant is ordered not to directly communicate with ____ or go near a residence, school or other location, to-wit: ____;
☐ The Defendant may have supervised access to ____ as follows, to-wit: ____;

32. ☐ Attend psychological counseling sessions at the direction of the Supervision Officer.
☐ Pay ____ % of the reasonable and necessary costs incurred by ____ for psychological counseling made necessary by the offense for a period not to exceed one year. The Court finds the Defendant is financially able to make said payments;

33. ☐ Within thirty (30) days make an appointment for a **SUBSTANCE ABUSE** assessment evaluation and furnish proof to the Supervision Officer of such appointment and then a written report with the findings and recommended therapy shall also be furnished to the Supervision Officer. The Defendant will maintain the treatment suggested until finally released and proof of release once again furnished to the Supervision Officer in writing;

34. ☐ Within thirty (30) days from today's date the Defendant is ordered to enroll in **Battering Intervention and Prevention Program (BIPP)** for family and/or domestic violence. The Defendant must attend and successfully complete said **Battering Intervention and Prevention Program (BIPP)**. Upon completion of this Program, the Defendant must provide written documentation of completion to the Community Supervision Officer. The Defendant will be financially responsible for these services;

35. ☐ Within thirty (30) days from today's date the Defendant is ordered to enroll in a **Domestic Violence and/or Anger Control Program.** The Defendant shall attend and successfully complete said Program. Upon completion of this Program, the Defendant must provide written documentation of completion to the Community Supervision Officer. The Defendant will be financially responsible for these services;

36. ☐ The Defendant's driver's license will be suspended for 180 days and continue for an indefinite period up and until the Defendant completes the education program required in condition #28 of the Judgment, pursuant to V.T.C.A. Transportation Code, Section 521.372;

37. ☐ Defendant is ordered as a condition of community supervision, to provide a DNA sample under Subchapter G, Chapter 411, Government Code, for the purpose of creating a DNA record of the defendant, unless the defendant has already submitted the required sample under other state law; and

## MENTAL HEALTH CASELOAD PROBATION CONDITIONS

38. ☒ Defendant shall meet with representatives of the Galveston County Community Supervision and Corrections Department and the Gulf Coast Center MHMR Program ~~on~~ to schedule subsequent meetings and appointments, complete necessary evaluations and receive required instructions;

39. ☒ Defendant shall participate as directed by the Galveston County Community Supervision and Corrections Department and obey all rules, regulations and policies of any mandated programs the Defendant is participating in until successfully terminated by the Court;

40. ☒ Defendant shall not purchase, obtain, or have in his/her possession a rifle, shotgun, handgun or any weapon deemed illegal, unlawful or prohibited by law, either at home, in a motor vehicle or on his/her person;

40A. Defendant to be assigned to a mental Health Caseload.

41. ☒ Defendant is ordered to abide by a curfew and be at his/her residence between the hours of 10:00 p.m. and 6:00 a.m. except as otherwise mandated by work requirements and travel to and from work and approved by the Court;

42. ☒ Defendant shall submit to an assessment by the Gulf Coast Center MHMR Program and if deemed necessary see a psychiatrist or psychologist within sixty (60) days from date of judgment and follow all recommendations including compliance with medications, follow-up appointments with the psychiatrist, psychologist and/or case manager, and participate in the program of the Gulf Coast Center MHMR following their rules, regulations and policies; *as directed*

43. ☒ The Defendant herein is ordered to report ~~weekly~~ to the Gulf Coast MHMR Program Designated Representative and provide proof of compliance with any medication requirements;

44. ☐ The Defendant herein is ordered to report the 3rd Tuesday of each month at 8:30 a.m. for a status conference before the Court until the case is disposed;

45. ☒ The Defendant herein is ordered to provide a copy of all current prescriptions to the Court, Galveston County Community Supervision and Corrections Department and the Gulf Coast MHMR Program and advise the same of any changes in prescriptions;

46. ☒ The Defendant herein, if employed, is ordered to provide to the Court and the Gulf Coast MHMR Program name and address of employer and the days and hours the Defendant is required to work;

47. ☒ The Defendant herein, shall not directly or indirectly communicate with **REBECCA STARLA CHURCHILL**, who is the alleged victim in this case or go near the above named victim's residence, ~~or place or employment or business,~~

48. ☐ The Defendant herein, shall not come any closer than five (500) yards from the above described prohibited places;

**Furthermore, the following special findings or orders apply:**

---

Signed and Entered on this the 5TH day of November, A.D., 2013.

JUDGE PRESIDING
405TH JUDICIAL DISTRICT COURT
GALVESTON COUNTY, TEXAS

A copy furnished to the above named Defendant and noted in the Docket on this the 5TH day of November, A.D., 2013.

**JOHN D. KINARD, DISTRICT CLERK,**
**GALVESTON COUNTY, TEXAS**

BY: _Ollie Kahle_____, DEPUTY
CLERK 405TH JUDICIAL DISTRICT COURT
GALVESTON COUNTY, TEXAS

```
*************************
*                       *
*                       *
*                       *
*                       *
*                       *
*                       *
*                       *
*************************
```
DEFENDANT'S RIGHT THUMBPRINT



COPY



| | | |
|---|---|---|
| **CASE NO. 13CR1914** | **COUNT** | |
| INCIDENT NO./TRN: 921-642-9917 A002014 DEC 15 PM 5: 16 | | |

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 405TH JUDICIAL |
| | § | |
| v. | § | DISTRICT COURT OF |
| | § | |
| ROBERT EUGENE PRYOR | § | GALVESTON COUNTY, TEXAS |
| STATE ID NO.: TX50326688 | § | |

## JUDGMENT ADJUDICATING GUILT

| | | | |
|---|---|---|---|
| Judge Presiding: | **HON. Michelle M. Slaughter** | Date Judgment Entered: | **DECEMBER 15, 2014** |
| Attorney for State: | **CHRISTOPHER HENDERSON** | Attorney for Defendant: | **ALVIN SAENZ** |

| | |
|---|---|
| Date of Original Community Supervision Order: **NOVEMBER 5, 2013** | Statute for Offense: **29.03 Penal Code** |

Offense for which Defendant Convicted:
**AGGRAVATED ROBBERY**

Date of Offense:
JULY 11, 2013

| Degree: | Plea to Motion to Adjudicate: | Findings on Deadly Weapon: |
|---|---|---|
| **1ST DEGREE FELONY** | **TRUE TO 1A, 12, 13, 16, 16A, & 19** **PLEAD NOT TRUE TO 1B, &40** **COURT FOUND TRUE 1A** **COURT FOUND TRUE INABILITY TO PAY TO 12, 13, 16, 16A, & 19** **COURT FOUND NOT TRUE TO 1B & 40** | N/A |

Terms of Plea Bargain:
**EIGHTEEN (18) YEARS INSTITUTIONAL DIVISION, TDCJ**

| | | |
|---|---|---|
| Date Sentence Imposed: | DECEMBER 15, 2014 | Date Sentence to Commence: DECEMBER 15, 2014 |

| | |
|---|---|
| Punishment and Place of Confinement: | **EIGHTEEN (18) YEARS INSTITUTIONAL DIVISION, TDCJ** |

### THIS SENTENCE SHALL RUN CONCURRENTLY.

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON COMMUNITY SUPERVISION FOR N/A .

| Fine: | Court Costs: | Attorney Fees: |
|---|---|---|
| $ | $ 291.00 + $27.00 | $ 342.00 + $1200.00 |



| Restitution: | Restitution Payable to: |
|---|---|
| $ | ☐ **VICTIM** (see below)  ☐ **AGENCY/AGENT** (see below) |

**Sex Offender Registration Requirements do not apply to the Defendant.** TEX. CODE CRIM. PROC. chapter 62
The age of the victim at the time of the offense was **N/A** .

| Time Credited: | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. |
|---|---|
| | From 07/17/13 to 11/05/13   From 04/23/14 to 12/15/14   From      to |
| | From      to      From      to      From      to |
| | If Defendant is to serve sentence in county jail or is given credit toward fine and costs, enter days credited below. |
| | DAYS NOTES: **TOWARD FINE AND COSTS** |

**All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.**

The Court previously deferred adjudication of guilt in this case. Subsequently, the Court heard the matter of Defendant's compliance with and obedience to the terms and conditions of the Court's Order of Deferred Adjudication of Guilt. The State appeared by her Criminal District Attorney.

### Counsel / Waiver of Counsel (select one)

☒ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

After hearing and considering the evidence presented by both sides, the Court FINDS THE FOLLOWING: (1) The Court previously found the Defendant to be qualified for community supervision; (2) The Court DEFERRED further proceedings, made no finding of guilt, and rendered no judgment; (3) The Court issued an order placing Defendant on community supervision for a period of **Five (5) years, No (0) months**; (4) The Court assessed a fine of $ **N/A**; (5) While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's **AMENDED** Motion to Adjudicate Guilt as follows:

**1a.** On or about the 24th day of January, 2014, in Brazoria County, Texas, said Defendant, Robert Eugene Pryor, did then and there commit the offense Theft of Property >=$50<$500; and

**1b.** On or about the 24th day of January, 2014, in Brazoria County, Texas, said Defendant, Robert Eugene Pryor, did then and there commit the offense of Possession of a Controlled Substance; and

**12.** Said Defendant did fail to pay his Community Supervision fee as ordered and is currently $ 180.00 in arrears; and

13. Said Defendant did fail to pay the Costs of Court as ordered and is currently $ 30.00in arrears; and

16. Said Defendant did fail to pay the reimbursement to Galveston County for compensation of appointed counsel as ordered and is currently $ 30.00 in arrears; and

16A. Said Defendant did fail to pay Crime Stoppers Program payment as ordered, and is currently $ 25.00 in arrears; and

19. Said Defendant did fail to pay $10.00 to reimburse for the cost of drug/alcohol screening; and

40. Said Defendant was in possession of a machete;

Accordingly, the Court **GRANTS** the State's Motion to Adjudicate the Defendant's Guilt in the above cause. **FINDING** the Defendant committed the offense on the date as noted above, the Court **ORDERS, ADJUDGES AND DECREES** that Defendant is **GUILTY** of the offense. The Court **FINDS** the Pre-sentence Investigation, if so ordered, was done according to the applicable provisions of *TEX. CODE CRIM. PROC. art. 42.12 § 9.*

The Court **ORDERS** Defendant punished as indicated above. The Court **ORDERS** Defendant to pay all fines, court costs, and restitution as indicated above.

### Punishment Options (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court **ORDERS** the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ.** The Court **ORDERS** Defendant to be confined for the period and in the manner indicated above. The Court **ORDERS** Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court **ORDERS** that upon release from confinement, Defendant proceed immediately to the **Galveston County and Pre-Trial Services**. Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court **ORDERS** Defendant immediately committed to the custody of the Sheriff of **GALVESTON COUNTY, TEXAS** on the date the sentence is to commence. Defendant shall be confined in the **GALVESTON COUNTY JAIL** for the period indicated above. The Court **ORDERS** that upon release from confinement, Defendant shall proceed immediately to the **Galveston County and Pre-Trial Services**. Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Punishment reduced to a Class "A" Misdemeanor under Article 12.44 (a), Texas Penal Code.**

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a **FINE ONLY.** The Court **ORDERS** Defendant to proceed immediately to the Office of the **GALVESTON COUNTY Galveston County and Pre-Trial Services**. Once there, the Court **ORDERS** Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

<u>**Execution / Suspension of Sentence (select one)**</u>

☒ The Court **ORDERS** Defendant's sentence **EXECUTED.**

☐ The Court **ORDERS** Defendant's sentence of confinement **SUSPENDED.** The Court **ORDERS** Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court **ORDERS** that Defendant is given credit noted above on this sentence for the time spent incarcerated.

**Attachment "A" is attached hereto and incorporated herein for all purposes.**

<u>**Furthermore, the following special findings or orders apply:**</u>

_____

Signed and Entered on this the <u>15TH</u> day of <u>December</u>, A.D., <u>2014</u>.

JUDGE PRESIDING
405TH JUDICIAL DISTRICT COURT
GALVESTON COUNTY, TEXAS

A copy furnished to the above named Defendant and noted in the Docket on this the <u>15TH</u> day of <u>December</u>, A.D., <u>2014</u>.

**JOHN D. KINARD, DISTRICT CLERK,**
**GALVESTON COUNTY, TEXAS**

BY:_____, DEPUTY
CLERK 405TH JUDICIAL DISTRICT COURT
GALVESTON COUNTY, TEXAS



DEFENDANT'S RIGHT THUMBPRINT

<u>ATTACHMENT A</u>

**STATE OF TEXAS**

**VS.**

<u>ROBERT EUGENE PRYOR</u>                                      <u>CAUSE NO:13CR1914</u>

( )    Pursuant the Texas Code of Criminal Procedure, the Court finds that the victim(s) of this crime is (are) owed restitution. Such restitution shall be ordered as a condition of parole.

        VICTIM:      _____

        ADDRESS:     _____

                       _____

        AMOUNT: $_____

( X )    Pursuant to the Texas Code of Criminal Procedure, the Defendant is ordered to pay to The Department of Court Services, 600 59th Street Ste. 1500, Galveston, Texas, 77551, $ <u>342.00 + 1200.00</u>   as reimbursement for court appointed attorney fees. Such fees shall be ordered as a condition of parole.

( X )    Pursuant to the Texas Code of Criminal Procedure, the Defendant is ordered to pay to The Department of Court Services, 600 59th Street Ste. 1500, Galveston, Texas, 77551, $ <u>291.00</u> + 27.00  for Court Costs. Such costs shall be ordered as a condition of parole.

( )    Pursuant to the Texas Code of Criminal Procedure, the Defendant is ordered to pay to The Department of Court Services, 600 59th Street Ste. 1500, Galveston, Texas, 77551, $ _____ as a fine. Such fine shall be ordered as a condition of parole.

( X )    Pursuant to the Texas Code of Criminal Procedure, the Defendant is ordered to pay to <u>La Marque Crime Stoppers Program or Galveston Crime Stoppers Program</u>, $ <u>25.00</u>  as repayment for a Crime Stoppers award distributed in this case. Such repayment shall be ordered as a condition of parole.

( )    Pursuant to the Texas Code of Criminal Procedure, the Defendant is ordered to pay to the Department of Court Services, 600 59th Street Ste. 1500, Galveston, Texas, 77551$ ____ to reimburse the County for extradition costs. Such costs shall be ordered as a condition of parole.

( )    Attend and successfully complete a program designed to educate persons on the dangers of drug abuse pursuant to V.T.C.A. Transportation Code, Section 521.374.

( )    The Defendant's driver's license will be suspended for 180 days and continue for an indefinite period up and until the Defendant completes the education program pursuant to V.T.C.A. Transportation Code, Section 521.372.

( )    The Defendant's driver's license will be suspended for one (1) year.